798 F.2d 35
 Fed. Sec. L. Rep. P 92,871, 5 Fed.R.Serv.3d 1082
 In re WARNER COMMUNICATIONS SECURITIES LITIGATION.
Steven BECKER; Russell Cammer; E.D. Dubowski; Robert and
Hanna Fonfeder; Len Forman; Rick L. and Andrea K. Frimmer;
Michael D. Gaddy; Richard Glovin; Charles Gribble; Louis
O. Marino, Custodian for Louis Marino II; Naomi Masri;
Aileen S. Moleski; Irving and Charlotte Radol; Beatrice K.
Rappoport, trustee for Julie Ann Rappoport; Robert Samit;
Richard Schlesinger; Roberta Shine; Donald Singleton;
Jessica Beth Sporn; Harry Stern; Richard S. Tabas; Robert
W. and Bonnie Walker; Helena White; and S.J. Johnson,
suing in the right and for the Benefit of Warner
Communications, Inc., Plaintiffs-Appellees,
v.
WARNER COMMUNICATIONS, INC.; Atari, Inc.; Ted Ashley; S.
Gerard Benford; Eugene R. Black; Lawrence B. Buttenweiser;
Allan B. Ecker; Emanuel Gerard; Dennis Groth; David R.
Haas; Alan S. Henricks; David H. Horowitz; Deane F.
Johnson; Raymond Kassar; Caesar P. Kimmel; Jacob
Liebowitz; Martin D. Payson; Edward Rosenthal; Steven J.
Ross; Robert J. Salomon; Norman K. Samnick; Beverly
Sills; Fred L. Tepperman; Raymond S. Troubh; William J.
Vandenheuvel; Bert W. Wasserman; Mark M. Weinstein; and
Rod L. White, Defendants-Appellees,
v.
Stephen J. GROSS, custodian for Andrew Gross under the
Uniform Gifts to Minors Act of the District of
Columbia, Objector-Appellant.
 No. 764, Docket 85-7807.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 31, 1986.
Decided Aug. 4, 1986.
 
 Alan B. Morrison, Washington, D.C. (Public Citizen Litigation Group, Washington, D.C. and Elliot J. Weiss, New York City, of counsel), for objector-appellant.
 Arthur L. Liman, New York City (Leslie Gordon Fagen, C. William Phillips, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, of counsel), for defendants-appellees Warner Communications, Inc. and Atari, Inc.
 Barry H. Garfinkel, New York City (Timothy A. Nelsen, Jeremy A. Berman, Skadden, Arps, Slate, Meagher & Flom, New York City, of counsel), for individual defendants-appellees.
 Melvyn I. Weiss, New York City (Jerome M. Congress, George A. Bauer III, Milberg Weiss Bershad Specthrie & Lerach, New York City, Sherrie R. Savett, Stephen A. Whinston, Berger & Montague, P.C., Philadelphia, Pa., Daniel W. Krasner, Fred T. Isquith, Wolf Haldenstein Adler Freeman & Herz, New York City, of counsel), for plaintiffs-appellees.
 Before VAN GRAAFEILAND, NEWMAN and KEARSE, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 Stephen Gross, the holder of twenty shares of Warner Communications, Inc. common stock, seeks to overturn an order of the United States District Court for the Southern District of New York (Keenan, J.) approving the settlement for $17.54 million of a shareholders class action against Warner, its subsidiary, Atari, Inc., and certain of their officers and directors, and dismissing a consolidated shareholders derivative action. The class action plaintiffs alleged that the defendants issued false and misleading statements and failed to disclose material adverse information relating to the corporations' financial status and that the individual defendants engaged in insider trading on the basis of material nonpublic information, all in violation of section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. Sec. 78j(b), and SEC Rule 10b-5, 17 C.F.R. Sec. 240.10b-5. The settlement agreement also covered a shareholders derivative action filed in the Delaware Court of Chancery, which alleged mismanagement and self-dealing on the part of the officers and directors. An action similar to the dismissed federal derivative claim was consolidated into the State action, and approval of each of the federal and State settlements was made contingent upon approval of the other. The Opinion and Order of the district court is reported in 618 F.Supp. at 735. For the reasons stated below, we affirm.
 
 
 2
 The class action suits sought recovery for persons who traded in Warner stock or options between May 3, 1982 and December 8, 1982. Plaintiffs alleged that, during that period, the defendants knowingly issued misleading statements and projections and the officers and directors disposed of substantial amounts of their own stock. After Warner announced in December 1982 that anticipated fourth quarter earnings would be less than had been projected, the price of its stock declined substantially.
 
 
 3
 An SEC investigation revealed that Warner and Atari officials had sold more than $30 million in Warner stock during the period in question. The SEC directed two Atari officers, defendants Kassar and Groth, to disgorge their tainted gains from the sales but took no action against any other officer or director.
 
 
 4
 Following certification of a plaintiff class and an extensive period of discovery, the parties initiated settlement negotiations. The compromise finally agreed upon called for $2 million to be paid to Warner in the Delaware action and $17.54 million ($11.25 million from Warner, $6 million from insurance carriers, and $290,000 from Kassar and Groth) to be paid into a settlement fund in the federal action. The settlement agreement also required the defendants to pay the costs of the settlement and the providing of notice to class members. The total value of the settlement to the class, including accrued interest, is well in excess of $18 million. The settlement agreement releases Warner and the individual defendants from liability for all acts complained of or referred to in both the State and federal actions.
 
 
 5
 Appellant's challenge is directed to the source of the settlement proceeds, not their amount. In fact, appellant acknowledged in district court that the settlement award was "spectacular". His complaint is that most of the settlement funds come from the corporation or insurance carriers rather than from the individual defendants. In short, appellant seeks to renew the argument he made unsuccessfully in the Delaware court, i.e., that the $2 million paid in settlement of the corporation's claims was not enough. This he cannot do. In the face of Vice Chancellor Hartnett's holding that settlement of the derivative corporate claims for $2 million was "fair and reasonable", appellant cannot now contend that the district court, in the exercise of its power to approve or disapprove settlement of the federal securities claim, should have compelled a greater contribution from the officers.
 
 
 6
 In approving the proposed settlement of a class action, a district court has the fiduciary responsibility of ensuring that the settlement is fair and not a product of collusion, and that the class members' interests were represented adequately. Plummer v. Chemical Bank, 668 F.2d 654, 658 (2d Cir.1982); Grunin v. International House of Pancakes, 513 F.2d 114, 123 (8th Cir.), cert. denied, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975). If the total compensation to class members is fair, reasonable, and adequate, the court is not required to supervise how the defendants apportion liability for that compensation among themselves. See Masterson v. Pergament, 203 F.2d 315, 330 (6th Cir.), cert. denied, 346 U.S. 832, 74 S.Ct. 33, 98 L.Ed. 355 (1953); Bonime v. Doyle, 416 F.Supp. 1372, 1387 (S.D.N.Y.1976), aff'd, 556 F.2d 554 (2d Cir.), cert denied, 434 U.S. 924, 98 S.Ct. 401, 54 L.Ed.2d 281 (1977); Fox v. Glickman Corp., 253 F.Supp. 1005, 1013 (S.D.N.Y.1966); Duban v. Diversified Mortgage Investors, 87 F.R.D. 33, 40 (S.D.N.Y.1980). Indeed, it is not a district judge's job to dictate the terms of a class settlement; he should approve or disapprove a proposed agreement as it is placed before him and should not take it upon himself to modify its terms. Plummer v. Chemical Bank, supra, 668 F.2d at 655 n. 1.
 
 
 7
 Moreover, because the issue of apportionment as between the corporations and their officers already has been resolved in another appropriate forum, appellant has had his day in court on this issue. See TBK Partners, Ltd. v. Western Union Corp., 675 F.2d 456, 460 (2d Cir.1982); Abramson v. Pennwood Instrument Corp., 392 F.2d 759, 762 (2d Cir.1968); Saylor v. Lindsley, 391 F.2d 965, 969 n. 6 (2d Cir.1968).
 
 
 8
 Our review of a settlement order is limited to determining whether the district court abused its discretion. Handschu v. Special Services Division, 787 F.2d 828, 833 (2d Cir.1986). If the court approves a settlement based upon well-reasoned conclusions, arrived at after a comprehensive consideration of the relevant factors, see City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir.1974), the settlement is entitled to deference upon review. Handschu v. Special Services Division, supra; Plummer v. Chemical Bank, supra, 668 F.2d at 659.
 
 
 9
 The district court reviewed each of the criteria suggested by this Court in Grinnell, supra, as guidelines for evaluating the fairness of a proposed settlement. See 618 F.Supp. at 741-46. We see no need to enlarge upon the district court's thorough analysis, except to note that no abuse of discretion is evident in either the evaluation process or the conclusions. We find no merit in appellant's suggestion that the matter be remanded to the district court for a more complete statement of its reasons for approving the settlement agreement. The order appealed from is affirmed.
 
 JON O. NEWMAN, Circuit Judge, concurring:
 
 10
 I concur in Judge Van Graafeiland's thorough opinion for the Court and add these words merely to clarify the nature of the appellant's grievance and to indicate why it might have had merit in the absence of the Delaware derivative action.
 
 
 11
 Since appellant remains a stockholder of Warner, though owning only a few shares, the allocation of the settlement price among the various defendants can have economic significance for him. Every dollar contributed to the settlement by the individual defendants is a dollar of gain to appellant and those in his circumstances. Every dollar contributed by the corporate defendants is partially offset by the pro rata decrease in the value of appellant's stock due to the payment. Appellant's position is to be distinguished from two other groups: (1) current Warner shareholders who lack a securities fraud claim, whose only interest lies in minimizing the amount contributed to the settlement by the corporation and (2) previous Warner shareholders with a fraud claim who sold their shares, whose only interest lies in maximizing the total amount of the settlement.
 
 
 12
 I fully agree with Judge Van Graafeiland that normally, once a district court is satisfied that the total compensation paid to class members in settlement of a class action is fair and reasonable, the court need not be concerned as to how the defendants apportion liability for the settlement among themselves. However, in a case such as this, where the apportionment between corporate and individual defendants can have economic significance for a shareholder-claimant, some scrutiny of the portion contributed by a corporate defendant normally would be appropriate. In such circumstances, a settlement might well be shown to be unreasonable to a shareholder if the corporate defendant contributed so much more than a fair share as to cause a discernible incremental pro rata decline in the value of the shareholder's stock below the reduction attributable to a fair contribution. That possibility is not present in this case because the Delaware Court of Chancery, in approving the settlement of the derivative action, determined that the allocation of burdens between the corporation and the individuals was fair. In the absence of adjudication or judicially approved settlement of a parallel derivative action, however, assessment of the fairness of a shareholder's action would require some scrutiny of the fairness of the corporation's contribution.