**Roysworth D. GRANT, Willie Ellis, On Behalf of Themselves and All Similarly Situated, Plaintiffs-Appellants,**

**Louis Martinez, Plaintiff Intervenor-Appellant,**

**v.**

**BETHLEHEM STEEL CORPORATION, E. Richard Driggers, James Deavers & Thomas Connelly, Individually and as Agents of Bethlehem Steel Corp., the International Association of Bridge Structural & Ornamental Iron Workers, AFL–CIO; Local 40, Bridge Structural & Ornamental Iron Workers, AFL–CIO; Ray Corbett, Ray Mullett, Jerry Place, Individually and as Officers of Local 40, Bridge Structural & Ornamental Iron Workers, AFL–CIO, Defendants-Appellees,**

**The Class of Iron Workers, Plaintiff-Appellee.**

No. 697, Docket 86–7767.

United States Court of Appeals, Second Circuit.

Argued March 17, 1987.

Decided June 30, 1987.

---

Willie Ellis, Roysworth D. Grant, Newark, N.J., pro se.

Louis Martinez, Newark, N.J., pro se.

Richard A. Levy, New York City (Eisner & Levy, P.C., New York City, Lewis M. Steel, Steel Bellman & Levine, P.C., New York City, of counsel) for plaintiffs-appellees.

Wayne A. Cross, Joseph J. Iarocci, Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, of counsel, for defendants-appellees.

Before KEARSE, MINER and MAHONEY, Circuit Judges.

MINER, Circuit Judge:

Plaintiffs-appellants Roysworth D. Grant and Willie Ellis and plaintiff intervenor-appellant Louis Martinez appeal from an order of the United States District Court for the Southern District of New York (Knapp, J.) approving a $60,000.00 settlement of a class action suit instituted under the provisions of Title VII, 42 U.S.C. §§ 2000e *et*

*seq.* (1982), and 42 U.S.C. § 1981 (1982) against defendant-appellee Bethlehem Steel Corporation and three of its supervisors.

On appeal, appellants contend primarily that the settlement should be set aside because all class members responding to the notice of proposed settlement opposed the settlement. We affirm.

## BACKGROUND

The general background of the instant appeal is set forth in *Grant v. Bethlehem Steel Corp.*, 635 F.2d 1007 (2d Cir.1980), *cert. denied*, 452 U.S. 940, 101 S.Ct. 3083, 69 L.Ed.2d 954 (1981) ("Grant I"), familiarity with which is assumed. Only those facts necessary for a discussion of the issues presented on this appeal will be set forth below.

On February 20, 1976, appellants commenced this class action in the district court against Bethlehem Steel and three of its supervisors. Appellants alleged that Bethlehem Steel had discriminated against blacks and Hispanics in its selection of ironwork foremen, in violation of 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.

After an eight-day bench trial, the district court found that appellants had failed to substantiate their claims of racial discrimination. On January 2, 1979, the district court dismissed their complaint. In *Grant I*, we reversed the district court's order of dismissal, holding that appellants had "made out a prima facie case of not only discriminatory treatment but discriminatory impact as well." *Grant I*, 635 F.2d at 1020. We remanded the case to the district court to permit Bethlehem Steel and its supervisors to introduce evidence that "their discriminatory conduct may have been justified by business necessity, and for any rebuttal testimony by the plaintiffs." *Id.*

On remand, Judge Knapp directed Magistrate Bernikow to explore with the parties the possibility of settlement or, in the alternative, to ensure that the parties were prepared fully for trial. Class counsel and Bethlehem Steel subsequently agreed to a settlement in the amount of $60,000.00. Under the terms of the settlement, Grant, Ellis and Martinez each would receive $2,000.00 apart from their shares of the settlement fund.

After notice of the proposed settlement was served on the class members, Magistrate Bernikow, on June 17, 1985, conducted a fairness hearing, at which the objections of appellants and others were heard. According to appellants, of the 126 members of the plaintiff class, 45 class members opposed the settlement and no responses were received from the remainder of the class. Appellants also claim that 33 letters notifying class members of the settlement were returned.

On July 24, 1986, Judge Knapp adopted Magistrate Bernikow's recommendation that the settlement be approved. This appeal followed the denial of appellants' request for reconsideration.

## DISCUSSION

Appellants contend primarily that the district court abused its discretion in approving the settlement despite the objections of all responding class members. We disagree.

In approving a proposed class action settlement, the district court has a fiduciary responsibility to ensure that "the settlement is fair and not a product of collusion, and that the class members' interests were represented adequately." *In re Warner Communications Sec. Litig.*, 798 F.2d 35, 37 (2d Cir.1986) (citing, *inter alia, Plummer v. Chemical Bank*, 668 F.2d 654, 658 (2d Cir.1982)). Our role in reviewing the approval of a settlement agreement "is limited to determining whether the district court abused its discretion." *Id.* (citation omitted). We consistently have accorded considerable deference to the district court's extensive knowledge of the litigants and of the strengths and weaknesses of their contentions. *E.g., In re "Agent Orange" Product Liability Litigation MDL No. 381*, 818 F.2d 145, 170–71 (2d Cir.1987). As we noted in *Handschu v. Special Services Div.*, 787 F.2d 828 (2d Cir.1986), the district court "is in the best position to evaluate whether the settlement consti-

tutes a reasonable compromise." *Id.* at 833 (citations omitted). Moreover, it is well established that a settlement can be fair notwithstanding a large number of objectors. *See, e.g., TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456 (2d Cir.1982) (approving settlement despite objections of approximately 56% of class); *Equal Employment Opportunity Comm'n v. Hiram Walker & Sons, Inc.*, 768 F.2d 884 (7th Cir.1985) (approving consent decree over objections of 15% of class), *cert. denied,* —— U.S. ——, 106 S.Ct. 3293, 92 L.Ed.2d 709 (1986); *Reed v. General Motors Corp.*, 703 F.2d 170 (5th Cir.1983) (approving settlement despite opposition of 40% of class); *Cotton v. Hinton,* 559 F.2d 1326 (5th Cir.1977) (approving settlement despite objections of counsel purporting to represent almost 50% of class); *Bryan v. Pittsburgh Plate Glass Co.*, 494 F.2d 799 (3d Cir.) (approving settlement over objections of more than 20% of class), *cert. denied,* 419 U.S. 900, 95 S.Ct. 184, 42 L.Ed.2d 146 (1974); *cf. Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157 (5th Cir.1978) (disapproving settlement opposed by 70% of subclass), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1020, 59 L.Ed.2d 74 (1979). *See generally* 7B C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1797.1, at 409–13 (2d ed. 1986).

■■■ Appellants contend that the district court abused its discretion in approving the settlement because "the class opposing the settlement out numbered [sic] any group which the Court had any responsibility at this point to protect." It is true that opposition of a *majority* of a class can have independent significance when, as here, the objection is to the amount of a settlement, rather than to distribution of the fund. *See TBK Partners,* 675 F.2d at 462; *cf. Pettway,* 576 F.2d at 1216–17. It is clear, however, that the objectors do not constitute a class majority. Only 45 of 126 class members expressed opposition to the settlement—approximately 36% of the class. Were we to accept appellants' suggestion and discount the 33 letters that were returned, thus reducing the total class to 93, the objectors still would not

constitute a majority: 48 class members received notice of the settlement and did not respond—52% of the class of 93. The objectors would represent only 48% of the recalculated class. Therefore, it is apparent that the "silent" class members constituted a majority of the class under either set of calculations. Even if we were to assume that the objectors represented a majority of the class, majority opposition is not a total bar to approval of a settlement. Preventing a settlement that a district court properly determines to be fair and reasonable solely because of majority opposition "not only deprives other class members of the benefits of a manifestly fair settlement and subjects them to the uncertainties of litigation, but ... [may] result[ ] in the eventual disappointment of the objecting class members as well." *TBK Partners,* 675 F.2d at 462–63 (footnote omitted).

■ We also reject appellants' assertion that the district court had no obligation to protect the interests of the "silent majority." The fact that many class members remained silent is of little import. The district court had a fiduciary responsibility to the silent class members, despite vociferous opposition to the settlement, and their interests properly were protected by the court. *See Grunin v. International House of Pancakes,* 513 F.2d 114, 123 (8th Cir.) (the district court "act[s] as a fiduciary who must serve as a guardian of the rights of absent class members"), *cert. denied,* 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975), *quoted in City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1099 (2d Cir.1977) (*"Grinnell II"*).

Appellants also contend that the district court's approval of the settlement was an abuse of discretion because all 45 of the 126 class members who responded to the notice of proposed settlement voiced objections. However, the mere fact that the only class members expressing opinions regarding the settlement were a vocal minority opposing it does not alter the district court's discretion in approving the settlement or its duty to protect the interests of the silent class majority, and we have not

been directed to any contrary authority. Appellants' reliance on *Pettway* to support their novel theory is misplaced. The proposed settlement in *Pettway* was opposed not only by the named plaintiffs, but also by 70% of the affected class and by all of the delegates of a committee representing a large number of class members. *Pettway*, 576 F.2d at 1216–17. The *Pettway* court focused not on the unanimity of opposition, but rather on the large proportion of class members opposing the settlement in relation to the total class size. In contrast, the opposition in the instant case represents approximately 36% of the total class. We perceive no reason why a settlement cannot be considered fair despite opposition from all who responded when the responding class members were significantly less than half of the class. *See TBK Partners*, 675 F.2d at 462.

■ Therefore, despite the fact that there was such minority opposition to the settlement, the fairness and reasonableness of that settlement must be the cornerstone of our analysis. In the instant case, Magistrate Bernikow, whose recommendation the district court adopted, thoroughly analyzed the relevant factors. *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.1974) ("*Grinnell I*"); *see also Robertson v. National Basketball Ass'n*, 556 F.2d 682, 684 n. 1 (2d Cir.1977). He reviewed the risks of establishing liability, the complexity, expense and likely duration of the litigation, and the likely recovery after a full trial. Specifically, the magistrate noted: that backpay could be recovered for, at most, three years; that recovery potentially could be limited to a two-year period; and that there was a possibility of "a lesser or no recovery after trial." He also compared the amount of the settlement to the likely result after trial, *see Malchman v. Davis*, 706 F.2d 426, 433 (2d Cir.1983), and determined that the class "would be obtaining [most], if not all, of the potential recovery." Magistrate Bernikow examined Bethlehem Steel's proposed offer of proof upon remand and concluded that further litigation would be "complex, costly, and time consuming." He ascertained that the settlement was reached after extensive negotiations without collusion, and considered carefully the objections to the settlement. We perceive no error in the magistrate's determination that the settlement was "manifestly fair and reasonable." We conclude, therefore, that the district court did not abuse its discretion in approving the settlement under the circumstances of this case.

■ Appellants assert numerous other claims, only two of which require discussion. Appellants claim that the district court erroneously failed to consider "the three named plaintiffs' entitlement to relief separate from the class as a whole." However, under the terms of the settlement, each of the three named plaintiffs will receive $2,000.00, apart from their shares of the settlement fund, in recognition of their efforts on behalf of the class. In addition, appellants failed to present to the district court any evidence indicating that they had suffered financial losses greater than other members of the class. Moreover, appellants' attempt to distinguish themselves from other class members because they actually applied for supervisory positions is unavailing. As we noted in *Grant I*, non-applicants also may be the victims of discrimination, despite the fact that they failed to apply for the supervisory position, when the filing of an application would have been futile. *See Grant I*, 635 F.2d at 1017. Appellants' claim that no record of the fairness hearing exists is belied by appellants' own appendix, which contains a full record of the hearing conducted by the magistrate. We have reviewed carefully appellants' remaining contentions and find them to be without merit.

## CONCLUSION

Based on the foregoing, the order of the district court is affirmed.