Herbert T. STOETZNER, R.E. Autrey, J.M. Dobos, M.T. Layman, B.W. Fox, R.J. Sims, Marilyn Y. Sartain, C.W. Moore Jr., R.D. Strickland, Ruth R. Thornton, David B. Groman, F.R. Bobek, D.F. Defazio, Martha A. Jones, Carolyn K. Neeld, R.H. Clark Jr., Appellants,

v.

UNITED STATES STEEL CORPORATION, United States Steel and Carnegie Pension Fund, United States Steel Corporation Plan for Employee Pension Benefits, United States Steel Corporation Savings Fund Plan for Salaried Employees, United States Steel Corporation Severance Pay Program for Management Employees, Lehigh Portland Cement Company, Lehigh Portland Cement Company Salaried Employees Savings and Profit Sharing Plan, Lehigh Portland Cement Company Retirement Income Plan for Salaried Employees, Trustee, Lehigh Portland Cement Company Salaried Employees Savings and Profit Sharing Plan, Trustee, Lehigh Portland Cement Company Retirement Income Plan for Salaried Employees and Unknown Other Individuals, Unincorporated Associations and Corporations, United States Steel Corp Severance Pay Plan, Heidelberger Zement Ag and Heidelberg Cement, Inc.

No. 88–3571.

United States Court of Appeals, Third Circuit.

Argued Sept. 8, 1989.

Decided Feb. 26, 1990.

As Corrected March 9, 1990.

Daniel M. Schember (Argued), Gaffney, Schember and Kete, P.C., Washington, D.C., for appellants.

Michael D. Brophy (Argued), George J. Lavin, Jr. Associates, Philadelphia, Pa., amicus curiae.

Matthew M. Strickler, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., Dawne S. Hickton (Argued), USX Corp., Pittsburgh, Pa., for appellees.

Before BECKER, NYGAARD and ROSENN, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Before the court is a motion to approve a proposed settlement. The action was filed by a class of formerly salaried employees of United States Steel Corporation's Universal Atlas Cement Division (USX), claiming they are entitled to pension or severance benefits resulting from USX's sale of the division in 1980. Following a bench trial, the district court denied relief and the class appealed. The class representatives and USX then negotiated a proposed settlement. Notice of the proposed settlement was sent to the class, and several members filed objections. We appointed Michael D. Brophy, Esquire, as friend of the court ("Amicus"), to file a letter brief on behalf of the objectors, and invited USX and the class representatives to do likewise. For the reasons that follow, we will remand the case to the district court with instructions to approve the settlement.

## I.

The class action was filed in 1983 by employees of USX's Atlas Cement Division (UAC). On the day the case was to be tried, the district court certified the class pursuant to Fed.R.Civ.P. 23(b)(2). The class presented two claims for trial; first, that they were entitled to "shutdown pensions" following USX's sale of UAC to Lehigh Portland Cement Company (Lehigh) in 1980; and second, that they were entitled to severance pay following the sale. The primary issue before the district court was whether the pension benefits package to which class members were entitled at Lehigh was comparable to the benefits available at UAC.[1] Following a non-jury trial, the court made findings of fact, conclusions of law and denied the class members relief. Specifically, the court found that the sale cost no employee at UAC his or her job; that Lehigh was required to provide comparable salaries, jobs and benefits; and, that the assistant to the vice-president of the pension fund, following a detailed comparison of Lehigh and USX benefit packages, correctly concluded they were equivalent. The district court found that the plaintiffs failed to sustain their burden of proof and concluded that the plan administrator's determinations; (1) that the pension benefits of UAC and Lehigh were similar; and, (2) that no permanent shutdown occurred, were neither arbitrary nor capricious. The court, applying a de novo review, also concluded that the defendants did not breach their fiduciary duty to beneficiaries of the plans by denying plaintiff's claims for severance pay and retirement benefits.

Following an appeal by the class, the parties reached a tentative settlement, and notice was sent to the class. The settlement contained the following:

1. Class members will abandon the claims made in the lawsuit;
2. Defendant/appellees will pay $125,000 to law firm representing the class, Gaffney, Schember & Kete;

3. The law firm will deposit the proceeds in its trust account and distribute the funds as follows:
a. $25,000 to Claude C. Poulin, the expert retained by the class, in full payment for his services;
b. $8,100 to attorney Stephen R. Bruce, who served as counsel to the class prior to the law firm;
c. $62,500 to the firm of Gaffney, Schember & Kete, P.C., which has agreed to satisfy the class' obligations to all other attorneys who have provided services to the class during the course of the lawsuit and to accept the remainder in full satisfaction of their legal fees;
d. $29,400 to the UAC Legal Fund, an organization established by the class members to raise funds for the prosecution of the appeal, which will pay any outstanding costs and will distribute the remainder, as well as the remaining amount in the Fund bank account, to individual class members in proportion to their past contributions over a minimum amount to be determined by the Fund.

Twenty-nine class members filed objections to the settlement.

The issues raised on appeal were two legal claims presented in the Amicus Brief, that; (1) the district court err in applying the arbitrary and capricious standard in light of the Supreme Court's decision in *Firestone Tire and Rubber Company v. Bruch*, —— U.S. ——, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); and, (2) the court erred in certifying the class on the day of trial without proper notice of the trial or of the certification and the objector's claim, essentially that the verdict is not supported by the evidence.

## II.

### A.

■ This case presents an unusual situation in which an appellate court must do

---

1. The class presented approximately nine other claims in their complaint. These were dismissed prior to trial.

that which is normally done by a trial court and decide whether or not to approve the proposed settlement. The standard of review which a district court must apply in reviewing a class settlement [2] is "whether the settlement is fair, adequate, and reasonable." *Walsh v. Great Atlantic and Pacific Tea Co., Inc.*, 726 F.2d 956, 965 (3d Cir.1983); *accord Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir.1988); *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 24 (2d Cir.1987); *EEOC v. Hiram Walker and Sons, Inc.*, 768 F.2d 884, 889 (7th Cir.1985); *cert. denied, Agee v. EEOC*, 478 U.S. 1004, 106 S.Ct. 3293, 92 L.Ed.2d 709 (1986); *see also Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir.1983).

In *Girsh v. Jepson*, 521 F.2d 153 (3d Cir.1975), we set forth several factors a district court must consider when evaluating the fairness, adequacy, and reasonableness of a proposed settlement in a class action. They are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 521 F.2d at 157, *citing City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir.1974).

In *Girsh*, settlement was proposed to the district court soon after discovery commenced. Here, the litigation ran its full course and the class lost. Thus, some factors which a trial court is required to consider in evaluating a proposed settlement are inapposite when, as here, the case has been tried to judgment. Other *Girsh* factors, such as the stage of the proceeding, the expense of the appeal, and the possibility of further litigation thereafter, are implicit in the inquiry we employ. As applied to this settlement proposal, the *Girsh* factors condense essentially into a two-step inquiry by which we determine if this post-trial settlement is fair, adequate, and reasonable. First, we consider the response of the class to the settlement. Next, we examine the ratio which the reasonableness of the settlement bears to the possibility of success on the merits of the appeal.

**B.**

■ Applying the first factor, out of 281 class members, only twenty-nine, filed objections to the proposed settlement. The reasons given are (1) they disagree with the district court's decision and argue that they are entitled to greater pension benefits,[3] and (2) they believe the proceeds of the settlement are divided incorrectly, favoring the attorneys who represent the class.[4] Counsel for the class sent a letter to each of the 23 objectors who provided a return address. This letter reminded the objectors of both the outstanding debt for attorney and actuary fees and that additional fees would accrue on appeal. It asked the objectors to state the amount they would be willing to contribute toward current obligations and future costs if settlement were disapproved. Only four persons replied. Two respondents indicated they would be unwilling to make any more financial contributions; one would be willing to contribute $3,000; the fourth would contribute $1000.

---

**2.** This situation arises because the settlement was made while the appeal was pending and the basis for the settlement, in significant part, is represented to be the correctness of the district court's own rulings, hence, the probability of success on appeal.

**3.** The objection focuses only on pensions. The issues in the case dealt with the overall benefits package.

**4.** An objection submitted by Jack G. Munson, and copied by many others, is illustrative:

> I believe this proposed settlement strongly favors (1) U.S. Steel and (2) our attorney. The former U.S. Steel employees will get only $29,400, which is less than 24% of the total settlement, and practically nothing compared to the $150,000 we have invested in this case.

Class members who favor settlement in this case do so because "[t]hey recognize that pursuing the appeal entails risks that the judgment against them will be affirmed," and that they "... do not want to take this risk." These class members recognize that they are already in debt to both their attorney and expert witness, and that the appeal would obligate them to pay greater fees. Should they lose on appeal, the class members would obtain no relief and be faced with paying "large debts to their attorney and actuary." The proposed settlement provides the class with a means of retiring their obligation to class counsel and its expert. It avoids further expenditures by the class in the face of a substantial risk they will lose their appeal. It also provides the class a means to obtain a partial refund of the money they contributed for prosecution of the case. In sum, we conclude that the response of the class members, both in numbers and in rationale, strongly favors settlement.

### C.

We also conclude that the chances of objectors' success, were we to consider the merits of their appeal, strongly favor approval. The objectors' first claim is essentially that the district court's decision is not supported by the evidence or is against the weight of the evidence. The district court made specific findings of fact and, were we considering the merits of the appeal, could only set these findings aside if clearly erroneous. Fed.R.Civ.P. 52(a). Appellants/objectors thus would have a significant burden to bear in their appeal and it is unlikely they would prevail.

■ The objectors also argue that the district court incorrectly used the arbitrary and capricious standard of review rather than the *de novo* standard they claim is mandated by *Firestone Tire and Rubber Co. v. Bruch*, —— U.S. ——, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Here, the arbitrary and capricious standard does apply because the plan contains provisions which gives the administrator discretion in making eligibility determinations. 109 S.Ct. at 954.[5] Thus, the district court applied the correct standard of review.

■ Finally, objectors claim that the district court erred by certifying the class on the day of trial and without affording them notice or a hearing. On review we would determine whether the district court abused its discretion in certifying the class. *Grasty v. Amalgamated Cloth. & Textile Workers Union*, 828 F.2d 123, 127 (3d Cir. 1987), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 773, 98 L.Ed.2d 860 (1988). A class certified pursuant to Fed.R.Civ.P. 23(b)(2) does not require notice. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 254 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). A 23(b)(2) certification was appropriate here since the key factual questions, (1) whether a shutdown occurred and (2) whether the benefits packages of Lehigh and USX are comparable, were dispositive as to all class members. Furthermore, even if we were to accept the objectors' contentions that the action *could* have been certified under subsection (b)(3); we have held that "an action maintainable under both (b)(2) and (b)(3) should be treated under (b)(2) to enjoy its superior res judicata effect and to eliminate the procedural complications of (b)(3), which serve no useful purpose under (b)(2)." *Wetzel*, 508 F.2d at 253. Upon the record before us we cannot conclude that the court abused its discretion by certifying

---

5. The 1977 rules pertaining to USX's non-contributory pensions contain the following provisions:

*Administration*

7.1 (a) The Pennsylvania Corporation shall administer these Pension Rules and shall decide all questions arising out of and relating to the administration of these Pension Rules.

*Construction*

7.7 The Rules shall be construed and enforced according to the laws of the Commonwealth of Pennsylvania, and all provisions hereof shall be administered according to the laws of said Commonwealth. The decisions of the Pennsylvania Corporation shall be final and conclusive as to all questions of interpretation and application of these Pension Rules and as to all other matters arising in the administration thereof.

In addition, the 1976 rules governing contributory pensions contain a provision similar to Rule 7.1(a) of the 1977 rules.

the class pursuant to Rule 23(b)(2). Thus, it had no obligation to give notice and conduct a hearing.

Although the foregoing factors are by themselves sufficient to approve *this settlement*, we are not holding that a limited inquiry will always be sufficient when evaluating the fairness of post-judgment settlement offers. A decision on the merits of an appeal may necessitate a new trial. In such a case, as the likelihood of success on the merits of the *appeal* increases, the settlement calculus increasingly resembles the calculus employed after discovery but before trial (considering, of course, that the experience of the first trial might well decrease the uncertainty facing the parties in the second). In this situation the court must evaluate fairness in an analysis that more closely resembles the nine-step inquiry of *Girsh*.

We conclude that the proposed settlement satisfies the *Girsh* test, and since we are likewise satisfied that it is "fair, adequate, and reasonable," *Walsh v. Great Atlantic & Pacific Tea Co., Inc.* 726 F.2d 956, 965 (3d Cir.1983), we will remand to the district court with directions to approve the settlement.

### III.

 In their proposed findings and at oral argument, the class members who favored the settlement suggest that two of the dissenting class members, Robert Buckner and Ward King, are not bound by a settlement. Buckner and King did not formally retain class counsel, and they received no formal notice prior to certification. We reject this suggestion. We have already determined that the settlement proposal is fair and reasonable and that certification under subsection (b)(2) was proper. We will not now order the class decertified to allow the case to proceed under subsection (b)(3). Were we to do so, the entire settlement may be jeopardized.

**6.** Objector Layman has filed a pro se motion for "appropriate sanctions" due to USX's failure to comply with "the good faith requirement and

For the foregoing reasons, we will remand the matter to the district court with directions to approve the settlement.[6]

the fair dealing requirement of ERISA." We will deny the motion.