Robert LEVITT, et al., Plaintiffs–Appellants,

v.

Thomas ROGERS, et al., Plaintiffs–Appellees,

Bear Stearns & Co., Inc. and Bear Stearns Securities Corp., Defendants–Appellees.

No. 06–5298–cv.

United States Court of Appeals, Second Circuit.

Dec. 18, 2007.

Leslie Trager, New York, NY, for Plaintiffs–Appellants.

David J. Goldsmith, (Jonathan M. Plasse, on the brief), Labaton Sucharow & Rudoff LLP, New York, NY, for Plaintiffs–Appellees.

Kerry Dziubek, (Michael D. Schissel, on the brief), Arnold & Porter, LLP, New York, NY, for Defendants–Appellees.

Present: ROGER J. MINER, ROSEMARY S. POOLER, Circuit Judges.[1]

### SUMMARY ORDER

There are three issues before us on appeal. First, whether the district court abused its discretion by denying the plaintiffs-appellants' (the "Levitt Group") motion to be appointed lead plaintiffs for the

---

1. The Honorable Thomas J. Meskill, who was originally assigned to the panel, died before oral argument. The remaining two members of the panel, who are in agreement, decide this case in accordance with Second Circuit Local Rule 0.14(b).

ML Direct class, a subclass of the larger class action. Second, whether the district court abused its discretion by approving the settlement. Third, whether the district court abused its discretion by failing to award legal fees to Leslie Trager, counsel for the Levitt Group, on the same basis as it awarded legal fees to the class counsel.

We review a district court's appointment of lead plaintiffs for abuse of discretion. *Cf. Hevesi v. Citigroup, Inc.,* 366 F.3d 70, 83 (2d Cir.2004); *Rossini v. Ogilvy & Mather, Inc.,* 798 F.2d 590, 594 (2d Cir.1986); *Malchman v. Davis,* 761 F.2d 893, 899–900 (2d Cir.1985). The Private Securities Litigation Reform Act of 1995 ("PSLRA") makes clear that the district court has the power to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u–4(a)(3)(B)(ii). Under the PSLRA there is a rebuttable presumption that the most adequate plaintiff is the one who "has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I); in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). This presumption may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

This case presents a unique situation. The Levitt Group did not, initially, have the largest financial interest in the outcome of the case. However, after all claims against Bear Stearns, by plaintiffs other than the ML Direct class and the Applewoods class, were dismissed as time-barred, the Levitt Group became the group with the largest financial interest in the outcome of the case. At that point in the litigation, plaintiffs-appellants made a motion to be appointed lead plaintiffs based upon the changed circumstances. While we defer to the district court on determinations regarding the adequacy of lead plaintiffs, we also must be mindful of the statutory language of the PSLRA, which makes clear that there is a rebuttable presumption in favor of the plaintiff with the largest financial interest in the relief sought by the class—in this case, the Levitt Group. Pursuant to the PSLRA, there is no reason to believe that the Levitt Group would not fairly or adequately protect the interests of the class in regards to the litigation against Bear Stearns, since the members of the Levitt Group had the largest financial interest in the outcome of that litigation. Indeed, it is difficult to believe that plaintiffs-appellees, the Rogers Group, were in a position to adequately represent the class, since the majority of the shareholders that the Rogers Group represented did not have any valid claims against Bear Stearns. Moreover, the Rogers Group showed little vigor in pursuing recovery from Bear Stearns, even after the Levitt Group successfully appealed from the district court's order dismissing the claims against Bear Stearns on statute of limitations grounds. *See Levitt v. Bear Stearns,* 340 F.3d 94 (2d Cir.2003). While we sympathize with the district court's sentiment that it was late in

the Sterling Foster litigation to appoint a new lead plaintiff, it was actually relatively early in the litigation against Bear Stearns; thus it was an appropriate time to appoint a new lead plaintiff for those remaining actions against Bear Stearns.

Federal Rule of Civil Procedure 23(e) requires court approval of any settlement that effects the dismissal of a class action. Before such a settlement may be approved, the district court must determine that a class action settlement is fair, reasonable, adequate and not a product of collusion. *See, e.g., Grant v. Bethlehem Steel Corp.,* 823 F.2d 20, 22–23 (2d Cir. 1987). A court determines a settlement's fairness by looking at both the settlement's terms and negotiating process leading to settlement. *D'Amato v. Deutsche Bank,* 236 F.3d 78, 85 (2d Cir.2001). We review a district court's decision to approve a proposed settlement of a class action for abuse of discretion. *See In re Ivan F. Boesky Secs. Litig.,* 948 F.2d 1358, 1368 (2d Cir.1991).

We find that the settlement here was not fair because of an insufficient inquiry regarding evidence of Bear Stearns wrongdoing. To evaluate whether a settlement is substantively fair and reasonable, we apply the *Grinnell* factors. These factors are 1) the complexity, expense and likely duration of the litigation; 2) the reaction of the class to the settlement; 3) the stage of proceedings and amount of discovery completed; 4) the risks of establishing liability; 5) the risks of establishing damages; 6) the risks of maintaining the class action through trial; 7) the ability of the defendants to withstand greater judgment; 8) the range of reasonableness of the settlement in light of the best possible recovery; and 9) the range or reasonableness of the settlement fund to a possible recovery

in light of all the attendant risks of litigation. *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 463 (2d Cir.1974). Specifically, we find that the district court failed to give adequate consideration to the arguments pertaining to the ML Direct subclass' likelihood of success on the merits against Bear Stearns. In this case, some form of formal discovery is likely necessary to provide the parties and the court with information sufficient to make a determination regarding whether the proposed settlement is fair and reasonable. In particular, we make note of plaintiffs-appellants' argument that certain representatives from Sterling Foster, who having now been convicted of crimes, may be able to provide additional substantive information regarding the allegations against Bear Stearns.

Because we remand this case to the district court on the matter of the appropriate lead plaintiff—after Bear Stearns was reinstated as an appropriate defendant for two subclasses, and thus the ML Direct subclass became the holder of the largest financial interest in the outcome of the litigation,—and on the matter of the substantive unfairness of the settlement, it is our view that a discussion of attorney's fees is premature.

For the reasons stated above, the judgment of the district court denying the plaintiffs-appellants' motion to be appointed lead plaintiff, and the judgment accepting the proposed settlement and awarding attorneys fees are VACATED and REMANDED for further proceedings. From whatever final decision the district court makes, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the clerk of this Court within ten days of the district court's decision, in which event the renewed appeal will be assigned to this

panel. *See United States v. Jacobson*, 15 F.3d 19 (2d Cir.1994).