09-0008-cv
*MBA V. WORLD AIRWAYS, INC.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of March, two thousand ten.

PRESENT:

> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

---

Ijeoma Mba, Rachel Jones, Patience Jones,
> *Plaintiffs-Appellants*,

-v.-                                          No. 09-0008-cv

World Airways, Inc.,
> *Defendant-Appellee*,

O. Peter Obafemi, Dr., Ritetime Aviation and Travel Services, Inc.,
> *Defendants*.

---

> Roger Bennet Adler (O. Benjamin Okeke, of counsel), Brooklyn, NY, *for Plaintiffs-Appellants*.
>
> Malcolm L. Benge, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC (Patrick J. Bonner, Freehill, Hogan & Mahar, LLP, New York, NY, *on the brief*), *for Defendant-Appellee*.
>
> David M. Goldhaber, C. Kinnier Lastimosa, Sedgwick, Detert, Moran & Arnold LLP, Chicago, IL, *for Amicus Curiae Capitol Indemnity Corporation*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED in part and VACATED and REMANDED in part.

Plaintiffs-Appellants Ijeoma Mba, Rachel Jones, and Patience Jones ("Plaintiffs") appeal from orders of the United States District Court for the Eastern District of New York (Dearie, *C.J.*), entered December 8 and 10, 2008, approving a class settlement between Plaintiffs, other class members, Defendant-Appellee World Airways, Inc. ("World Airways"), and Amicus Curiae Capitol Indemnity Corporation, and granting attorneys' fees and expenses to lead counsel only. Plaintiffs argue that the distribution of unpaid settlement funds confers an undue benefit upon World Airways and that members of the plaintiff class from Nigeria will be unable to receive payment. They also argue that the district court's awards of attorneys' fees were abuses of discretion. For the reasons stated herein, we affirm the district court's order approving the settlement but vacate its orders granting class counsel Thacher Proffitt & Wood LLP ("Thacher") $1,355,265.94 in fees and $109,734.06 in costs and Echeruo, Counsel, Attorneys at Law, LLP ("Echeruo") $600,000 in fees and denying fees and costs to O. Benjamin Okeke ("Okeke"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of the issues on appeal.

We review approval of class action settlements for abuse of discretion. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 246 (2d Cir. 2007). The district court's factual conclusions related to a settlement agreement are reviewed for clear error; its legal conclusions we examine *de novo*. *Id.* at 247. Similarly, with regard to attorneys' fees, this Court "will not overturn a district court's award of attorneys' fees

'absent an abuse of discretion, such as a mistake of law or a clearly erroneous factual finding.'" *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 134 (2d Cir. 2008) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000)). Abuse of discretion is interpreted in a particularly deferential fashion for fee decisions, given that the district court is in a far better position than this Court to make these determinations. *Id.*

A district court may approve a proposal that binds class members only "after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). It must also determine that the settlement is not the product of collusion. *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 22-23 (2d Cir. 1987). In order to determine whether a settlement is fair, the district court must look at both the settlement's terms and the negotiating process leading up to the settlement. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). Moreover, a presumption of fairness, adequacy, and reasonableness may attach as long as there were arm's-length negotiations between experienced counsel after meaningful discovery. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). To evaluate the substantive reasonableness of a settlement, we apply the *Grinnell* factors:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (internal citations omitted), *abrogated on other grounds by Goldberger*, 209 F.3d 43.

3

Plaintiffs object to the substance of the settlement on the ground that World Airways need not pay out the entire common fund amount if the number of claimants is fewer than 2,050, suggesting that this renders the settlement unreasonable and that the district court abused its discretion in approving it. We conclude otherwise. This Court has held that unclaimed portions of a class action fund in a private action may properly be returned to the defendant. *See Van Gemert v. Boeing Co.*, 739 F.2d 730, 733, 737 (2d Cir. 1984). The history of this case provides no indication that the defendants behaved in a manner that would make reversion of the unpaid funds to World Airways so inappropriate as to be an abuse of discretion. Moreover, to the extent that Plaintiffs requested that the lower court restructure the terms of the settlement agreement to avoid the reversion, we find that the court's refusal to do so was not an abuse of discretion. "[T]he district judge generally should not dictate the terms of a settlement agreement in a class action. Rather, 'he should approve or disapprove a proposed agreement as it is placed before him and should not take it upon himself to modify its terms[]' . . . ." *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 144 (2d Cir. 1987) (quoting *In re Warner Commc'ns Sec. Litig.*, 798 F.2d 35, 37 (2d Cir. 1986)).

We also find that Plaintiffs' concerns about payment to Nigerian class members do not render the settlement unreasonable. Counsel for World Airways indicated at the Fairness Hearing that there were many ways for Nigerian class members to be paid, including payment in dollars and conversion to local currency, and stated that they would work to ensure payment to those class members if problems arose with payment in dollars. The district court accepted those statements. Plaintiffs have proffered no evidence other than conclusory statements about Nigerian law that would cause this Court to disturb that determination.

4

We agree with Plaintiffs, however, that the district court inadequately explained its determinations regarding attorneys' fees and costs in connection with this settlement. In granting attorneys' fees to the class counsel in this case, Thacher and Echeruo, the district court noted that "[t]he sole opposition is voiced by [Plaintiffs' counsel] Benjamin Okeke. The stated opposition, however, does not cast any doubt upon the appropriateness and reasonableness of the fee request. Largely for the reasons stated in the submission of Class Counsel, therefore, the Court grants the application and awards the requested fees and disbursements." The district court also noted that "the benefits enjoyed by Class members likely and substantially exceed the level of recovery enjoyed by non-class members who have settled their claims independently of this litigation." Two days later, it issued an order specifying that Thacher would receive $1,355,265.94 in fees and $109,734.06 in costs and Echeruo $600,000 in fees, amounts that were less than the draft invoices provided to the court but tallying with the amounts requested by class counsel. In response to a submission by Plaintiffs suggesting that "it might have been [a]n oversight on the part of the court to render a decision" on the objections to the class settlement without discussing the motion for Plaintiffs' counsel's fees and costs, the court handwrote the following: "Counsel is mistaken. The Court considered all objections Re fees and costs."

When awarding fees to counsel in common fund cases, the basic touchstone that a district court should consider is "what is reasonable under the circumstances," *Goldberger*, 209 F.3d at 47 (internal quotation marks omitted), in light of the governing principles that "the fee awarded must reflect 'the actual effort made by the attorney to benefit the class' and that a court is 'to act as a fiduciary who must serve as a guardian of the rights of absent class members,'" *Cent. States*, 504 F.3d at 249 (quoting *City of Detroit v. Grinnell Corp.*, 560 F.2d 1093, 1099 (2d Cir. 1977),

5

*abrogated on other grounds by Goldberger*, 209 F.3d 43). Factors considered in determining what is reasonable include:

> "(1) [T]he time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations."

*Goldberger*, 209 F.3d at 50 (quoting *In re Union Carbide Corp. Consumer Prods. Bus. Sec. Litig.*, 724 F. Supp. 160, 163 (S.D.N.Y. 1989)).

Although this Court is deferential to the district court's familiarity with the case in the setting of fees, "it is important that we 'be informed by the record of why the district court acted as it did.'" *Orchano v. Advanced Recovery, Inc.*, 107 F.3d 94, 99 (2d Cir. 1997) (quoting *In re Bolar Pharm. Co. Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam)) (internal citations omitted). Although "[t]he district court is not required to 'set forth item-by-item findings concerning what may be countless objections to individual billing items,'" *Haley v. Pataki,* 106 F.3d 478, 484 (2d Cir. 1997) (quoting *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994) (per curiam)), fee determinations nonetheless require "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Id.* (quoting *Lunday*, 42 F.3d at 134) (internal quotation mark omitted).

In this case, we cannot say that the reasoning of the district court is sufficiently set forth to permit appropriate appellate review. This Court has prescribed two methodologies for calculating attorneys' fees: the lodestar method and the percentage-of-the-fund method. *See Goldberger*, 209 F.3d at 47. The district court did not officially use either method, nor did it reference in writing the *Goldberger* factors to determine reasonableness. Rather, it only adopted the reasoning of the submissions of class counsel, giving them the entire amount requested. But

that request appears to have been generated by counsel's choice to reduce its billing invoices by some unspecified amount to meet the parameters of the settlement agreement. Moreover, had the district court examined the extensive invoices given to it by Thacher, it would have found, as Plaintiffs correctly point out, that Thacher was billing for its work on its fee application. This Court has expressly forbidden such billing in common fund cases. *See Savoie v. Merchants Bank*, 166 F.3d 456, 461 (2d Cir. 1999). Given the incentive structure of common fund cases, which provides attorneys with the "temptation . . . to agree to a less than optimal settlement 'in exchange for red-carpet treatment on fees'" and class members with little to gain from objecting, the district court must guard the rights of the class with zeal. *Goldberger*, 209 F.3d at 53 (quoting *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 524 (1st Cir. 1991)). Part of that process requires the court explicitly to set forth its reasons for a fee award.

Similarly, we find that the district court inadequately explained its decision to deny attorneys' fees to Plaintiffs' counsel, Okeke. Although a district court may deny an application for a percentage of the recovery, decisions doing so in the past have been based on and upheld due to "extensive findings with respect to [the attorney's] time and efforts in the case," findings supporting a conclusion that these efforts "did not ultimately benefit the settlement fund." *Cent. States*, 504 F.3d at 250 (emphasis omitted). Here the record contains no evidence of such findings.

In short, because the objections raised by the Plaintiffs to the disposition in the settlement agreement of unclaimed funds and to the arrangements for the payment of Nigerian class members do not render the settlement unreasonable or its approval an abuse of discretion, we affirm the district court's order approving the settlement. Because, however, we find that the

district court failed to provide sufficient grounds for its orders granting class counsel Thacher $1,355,265.94 in fees and $109,734.06 in costs and Echeruo $600,000 in fees and denying fees and costs to Okeke, we vacate those orders and remand to the district court for further findings.

We have reviewed all arguments not otherwise discussed in this summary order and find them to be moot or without merit. For the foregoing reasons, the judgment of the district court is hereby affirmed in part and vacated and remanded in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8