42 F.3d 131
 James F. LUNDAY, Plaintiff-Appellee,
v.
The CITY OF ALBANY, Defendant-Appellant,
Albany Police Officers Kenneth Sutton, John Tanchak, Thomas
Schillinger and Thia Sidoti, Individually and as Agents,
Servants, and/or Employees of the Albany Police Department,
and various other Agents, Servants, and/or Employees of the
Albany Police Department whose actual names are presently
unknown, Defendants.
 No. 1145, Docket 93-9019.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 24, 1994.
Decided Dec. 8, 1994.
 
 John L. Shea, Delmar, NY (LaFave & Associates, of counsel), for defendant-appellant.
 Laurie Shanks, Albany, NY (Kindlon & Shanks, P.C., of counsel), for plaintiff-appellee.
 Before: VAN GRAAFEILAND and JACOBS, Circuit Judges, and BEER, District Judge.*
 PER CURIAM:
 
 
 1
 The City of Albany appeals from an order entered by Magistrate Judge Ralph W. Smith, Jr., in the Northern District of New York, awarding plaintiff-appellee James F. Lunday attorney's fees under 42 U.S.C. Sec. 1988. The City claims that the lower court erred by failing to sustain the City's objections to certain items in the bills submitted by Lunday's counsel, and by refusing to reduce the lodestar amount of fees by some percentage to reflect that Lunday achieved only partial success at trial. We agree with the Magistrate Judge that Lunday's partial success at trial does not require a reduction in the lodestar amount of fees; but we remand for reconsideration of the City's specific fee objections because the memorandum decision and order expresses reluctance "to second guess experienced counsel" and to "demean counsel's stature" by a more detailed review--a deference that is not compatible with the court's fee-setting obligation.
 
 
 2
 The merits of Lunday's claim were tried to a jury, with Senior United States District Judge Lee P. Gagliardi presiding. Lunday contended that he was deprived of his right to be free of excessive force when he was arrested on May 13, 1989, and was held in police custody thereafter; that he was deprived of his liberty without due process of law; and that he was subjected to malicious prosecution. Lunday named as defendants the City and four of its police officers. Two of his claims invoked 42 U.S.C. Sec. 1983, et seq., and the six others were pleaded under state law.
 
 
 3
 The jury returned a verdict against defendant Sutton alone, and only on the excessive force claim (one of Lunday's Sec. 1983 claims). The jury awarded Lunday damages in the sum of $35,000, of which $20,000 was designated as compensatory and $15,000 as punitive. The jury exonerated the City and the other individual defendants. The judgment has been satisfied by the City.
 
 
 4
 Lunday applied for an award of attorneys fees pursuant to 42 U.S.C. Sec. 1988. Without objection, that application was referred by Judge Gagliardi to the Magistrate Judge. After receiving affidavits, memoranda and other supporting documents, and after hearing oral argument, Magistrate Judge Smith issued a Memorandum Decision and Order dated August 20, 1993 from which this appeal emanates. The court awarded attorney's fees in the amount of $115,425, together with $3,487.08 in expenses, for a total of $118,912.08. This award represents the full amount of Lunday's fee request, except that the fees requested for the preparation and argument of the fee application itself were found to be excessive and were reduced from $21,915 to $10,000.
 
 
 5
 On appeal, the City first contests the lower court's denial of its objections to certain items in Lunday's counsel's bills. Specifically, the City challenges the time spent in preparing particular documents (such as 11.5 hours preparing an amended complaint that substituted three names for John Does; and two days for preparing interrogatories to new defendants that differed from an earlier set only by the substitution of names); the reasonableness of time reported solely as legal research; the time spent in attorney strategy meetings; the time devoted to expert witnesses (none of whom testified), and time spent on several other matters deemed questionable by the City.
 
 
 6
 In Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court instructed that, in reviewing fee applications under Section 1988, the district court should exclude hours that were not "reasonably expended." Id. at 434, 103 S.Ct. at 1939. Counsel for the prevailing party must exercise "billing judgment"; that is, he must act as he would under the ethical and market restraints that constrain a private sector attorney's behavior in billing his own clients. Id.; DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir.1985). The task of ensuring that attorneys meet these standards primarily lies with the district court; we review a lower court's award of attorney's fees for an abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988); Ruggiero v. Krzeminski, 928 F.2d 558, 564 (2d Cir.1991).
 
 
 7
 The memorandum decision and order fixing the amount of attorney's fees due Lunday recites:
 
 
 8
 As to the number of hours expended by counsel, this court has carefully reviewed the submissions by plaintiff and finds no reason to reject any of those hours claimed for the period from counsel's first meeting with plaintiff[ ] through the trial and for research following the trial as to the potential for filing post-verdict motions. This court declines to second guess experienced counsel in deciding whether the hours devoted to research, drafting, interviewing, and consulting were necessary. To engage in such detailed hour by hour review is to demean counsel's stature as officers of the court and I have no intention of substituting my after-the-fact judgment for that of counsel who engaged in whatever research and other activities they felt necessary. Suffice it to say that the court after careful examination of counsel's meticulous and detailed time records is not to any degree shocked and finds the amount claimed to be a reasonable attorney's fee.
 
 
 9
 (Emphasis added). The City argues that the emphasized comments reflect an improper abdication of the court's responsibility to review attorney's fees applications, and that the court should have addressed the City's objections to individual items in the submitted bills.
 
 
 10
 We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items. The billing records submitted by Lunday's counsel are in certain respects eyebrow-raising; but we cannot conclude that the review conducted by the Magistrate Judge was erroneous, or lacking in care. However, the level of deference expressed in the order leaves us in doubt as to whether all was done that should have been done.
 
 
 11
 Since all counsel ordinarily will be officers of the court, that status cannot justify deference. The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended. The only circumstance in the record that raises an issue as to whether that was done is the expressed view that the process is too demeaning to be appropriate. Few lawyers relish detailed scrutiny of their bills; in these circumstances, however, that process is an assumed risk.
 
 
 12
 We remand this case for reconsideration consistent with this opinion because the recitation of reasons for accepting all of counsel's pre-verdict requests for fees suggests that the Magistrate Judge may have failed to critically examine these requests. Nothing in the record indicates to us that any particular challenge to the fees is meritorious, although we note that the fees for post-trial work--the only portion of the fees as to which the Magistrate Judge is likely to have personal knowledge--were cut more than 50 percent.
 
 
 13
 The City also argues that the lower court should have reduced the requested lodestar amount by a "certain percentage" to reflect Lunday's "very limited success" at trial. There is a "strong presumption" that the lodestar amount represents a reasonable fee under Section 1988. Grant v. Martinez, 973 F.2d 96, 101 (2d Cir.1992) (quoting City of Burlington v. Dague, --- U.S. ----, ----, 112 S.Ct. 2638, 2641, 120 L.Ed.2d 449 (1992)), cert. denied, --- U.S. ----, 113 S.Ct. 978, 122 L.Ed.2d 132 (1993). So long as the plaintiff's unsuccessful claims are not "wholly unrelated" to the plaintiff's successful claims, hours spent on the unsuccessful claims need not be excluded from the lodestar amount. Grant, 973 F.2d at 101. See Hensley, 461 U.S. at 434-35, 103 S.Ct. at 1939-40. While the degree of the plaintiff's success is the " 'most critical factor' in determining the reasonableness of a fee award," Farrar v. Hobby, --- U.S. ----, ----, 113 S.Ct. 566, 574, 121 L.Ed.2d 494 (1992) (citations omitted), we consistently have resisted a strict proportionality requirement in civil rights cases. Cowan v. Prudential Ins. Co. of America, 935 F.2d 522, 525-28 (2d Cir.1991). Moreover, the determination of whether such a lodestar adjustment need be made is left largely to the discretion of the trial court. Grant, 973 F.2d at 101.
 
 
 14
 While it is true that Lunday did not prevail on all of his claims against all the defendants, Lunday was awarded $35,000 in compensatory and punitive damages against defendant Sutton. The City concedes that all of Lunday's claims arose from a common core of facts. Therefore, the court was not required to adjust the lodestar to reflect the failure to succeed across the board.
 
 
 15
 The magistrate judge found that Lunday's recovery was a "substantial success" in a suit of this type, and we cannot say that this finding was an abuse of discretion. While the amount awarded in damages fell short of the $7,130,000 Lunday demanded, the relief transcended the mere "technical victory" that the Court in Farrar ruled merited no award of fees. Cf. Farrar, --- U.S. at ----, 113 S.Ct. at 574.
 
 
 16
 Accordingly, we vacate the award of attorney's fees and costs and remand for reconsideration consistent with this opinion.
 
 
 
 *
 The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation