15-1892-cv
Luo v. L&S Acupuncture, P.C., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of May, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             SUSAN L. CARNEY,
                      *Circuit Judges.*

_____

HUI LUO,

                  *Plaintiff-Appellee*,

             v.                                              15-1892-cv

L&S ACUPUNCTURE, P.C., GUOXI LIU, AMERICAN ASIAN
ACUPUNCTURE, PLLC,

                  *Defendants-Appellants*.

_____

Appearing for Appellants:     William X. Zou, Law Offices of Xian Feng Zou, Flushing, NY.

Appearing for Appellee:       STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, NY
                              (Troy Law, PLLC, *on the brief*).

Appeal from the United States District Court for Eastern District of New York (Cogan, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendants-appellants L&S Acupuncture, P.C., Guoxi Liu, and American Asian Acupuncture, PLLC appeal an award of attorneys' fees in plaintiff-appellee Hui Luo's favor by the United States District Court for the Eastern District of New York (Cogan, *J.*).We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On February 17, 2014, Luo brought this action pursuant to, inter alia, the Fair Labor Standards Act ("FLSA") and the New York Labor Law seeking, among other things, unpaid wages, including overtime pay. On June 3, 2014, defendants' counsel made an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure, of $18,000 for any and all of Luo's claims, including attorneys' fees and costs. Luo rejected the offer. After a bench trial, the district court determined that Luo, a licensed acupuncturist, was not exempt from overtime laws, and was denied overtime in violation of federal and state law. On February 5, 2015, the Clerk of the District Court entered a judgment for Luo in the sum of $4,130.75.

On February 27, 2015, Luo moved for attorneys' fees and costs, seeking $84,362.50 in attorneys' fees and $4,830.67 in costs. Although defendants responded to the motion, they did not advise the court that they had previously made a Rule 68 offer of judgment. On April 29, 2015, the district court awarded attorneys' fees in the amount of $64,038 and $4,830.67 in costs. On July 27, 2015, defendants filed a motion with the district court for reconsideration and relief from judgment of the April 29, 2015 attorneys' fees decision. In support of the motion, defendant Liu stated she had hired and fired her attorneys on six occasions during the litigation. Liu admitted that she was aware that one of her attorneys had served Luo with a Rule 68 offer of judgment, but stated that she "did not quite understand it." App'x at 85. By the time Liu's next attorney filed the opposition to Luo's motion for attorneys' fees and costs, Liu said she had forgotten about the Rule 68 offer, and her attorney did not ask her if such an offer had been made. Liu admits that the failure to notify the court of the Rule 68 Offer "was totally because of [her] ignorance, [her] bad memory, the frequent change of attorney [sic] which should be attributed to [her] loss of confidence in lawyers, [her] mistake and neglect not to inform [her] attorneys . . . ." App'x at 87. The district court denied the motion on July 29, 2015, finding it untimely under Local Rule 6.3 and holding that the motion did not meet the standard for reconsideration because "[t]he standard is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" App'x at 167 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

At the outset, we lack jurisdiction to reach the merits of the district court's denial of the motion for reconsideration and relief from judgment. The timely notice of appeal in a civil case is a jurisdictional requirement. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). The Federal Rules of Appellate Procedure require a party challenging a post-judgment order, including a ruling on a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief pursuant to Rule 60(b), to either file a notice of appeal after the relevant denial of the motion or to amend a prior notice of appeal. Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in

compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion."). Even if we construed appellants' brief to constitute a notice of appeal, it would not be timely because the appellants did not file their brief until November 24, 2015. *See Taylor v. Johnson*, 257 F.3d 470, 474-75 (5th Cir. 2001) (holding that "a brief may serve as the 'functional equivalent' of an appeal if it is filed within the time specified by Fed. R. App. P. 4 and gives the notice required by Fed. R. App. P. 3"). Because we lack jurisdiction to review the district court's July 29, 2015 order, we review only appellants' claim that the attorneys' fees are disproportionate to Luo's award.

We afford a "district court considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. A fee award will not be disturbed absent an abuse of discretion." *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014) (internal quotation marks omitted); *see also Cabala v. Crowley*, 736 F.3d 226, 229 (2d Cir. 2013) (noting that this Court "accord[s] substantial deference to a district court's fee determinations" (internal quotation marks omitted)). We have held that the "lodestar" is the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany and Albany Cty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008); *see also Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992) ("The lodestar approach governs the initial estimate of reasonable fees."). Appellants concede that there is no "per se proportionality rule," Appellants' Br. at 10, and "we have repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation," *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005). In *Millea v. Metro-North Railroad Co.*, 658 F.3d 154 (2d Cir. 2011), we held that it was legal error for a district court to calculate the fee award as a proportion of damages in a suit under the Family and Medical Leave Act. *Id.* at 169. We noted that although a district court "may, in exceptional circumstances, adjust the lodestar, it may not disregard it entirely." *Id.* (citation omitted). "Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel." *Id.* "The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." *Id.* As both the FLSA and the New York Labor Law are fee-shifting statutes, *see* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a), we see no reason to depart from the general rule in this case.

We have considered the remainder of appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3