UNITED STATES DISTRICT COURT 
SOUTHERN DISTRICT OF NEW YORK 
---------------------------------------------------------------X 
CARLTON DOUGLAS, et al., : 
 Plaintiffs, : OPINION & ORDER 
 -against- : 18 Civ. 5789 (GWG) 
ANTHEM PRODUCTIONS, LLC, et al., : 
 Defendants. : 
---------------------------------------------------------------X 
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE 
 Carlton Douglas, later joined by opt-in plaintiffs Atonyio Brown and Doreen Rodriguez 
(“plaintiffs”), brought this action against Anthem Productions, LLC; Advanced Audio 
Technologies, LLC; Evaggelos Poulos; Joseph Lodi; and Jason Ojeda alleging violations of the 
Fair Labor Standards Act (“FLSA”), 29 U.S.C. § 207(a); New York Labor Law (“NYLL”), 
NYLL § 160; and New York Codes, Rules and Regulations (“NYCRR”), NYCRR tit. 12, § 142-
2.2. Judgment has been entered as to some of the defendants and before the Court is plaintiffs’ 
motion for attorneys’ fees and expenses as to those defendants.1 For the reasons that follow, 
plaintiffs’ motion is granted to the extent stated herein. 
I. BACKGROUND 
 The complaint in this action was filed on June 26, 2018. See Complaint, filed June 26, 
 1 See Notice of Plaintiffs’ Motion for Attorneys’ Fees and Costs, filed Mar. 13, 2020 
(Docket # 68) (“Mot.”); Memorandum of Law in Support of Plaintiffs’ Motion for Attorneys’ 
Fees and Expenses, filed Mar. 13, 2020 (Docket # 69) (“Pl. Mem.”); Declaration of Jeffrey R. 
Maguire, Esq. in Support of Plaintiffs’ Motion for Attorneys’ Fees and Expenses, filed Mar. 13, 
2020 (Docket # 70) (“Maguire Decl.”); Defendants’ Memorandum of Law in Opposition to 
Plaintiffs’ Motion for Attorneys’ Fees, filed April 9, 2020 (Docket # 78) (“Def. Opp.”); Reply 
Memorandum of Law in Further Support of Plaintiffs’ Motion for Attorneys’ Fees and Expenses, 
filed April 20, 2020 (Docket # 79) (“Pl. Reply”). 
2018 (Docket # 1) (“Compl.”). Plaintiffs then made a motion for approval of a collective action 
pursuant to 29 U.S.C. § 216(b). See Notice of Plaintiff Carlton Douglas’s Motion for 
Conditional Certification, Leave to Distribute Notice, Disclosure of Contact Information, and 
Equitable Tolling Pursuant to 29 U.S.C. § 216(b), filed Aug. 29, 2018 (Docket # 19) 
(“certification motion”). The Court granted the motion and notice was sent to 31 members of the 

FLSA collective. Maguire Decl. ¶ 5. Two individuals joined the case. See Docket ## 41, 42. 
The parties participated in private mediation on August 15, 2019, but the mediation was not 
successful. Maguire Decl. ¶ 6. Discovery concluded on December 31, 2019. See Civil Case 
Management Plan and Scheduling Order, filed July 14, 2019 (Docket # 48). 
 On January 7, 2019, defendants served plaintiffs with an offer of judgment of $16,000 
exclusive of attorneys’ fees, pursuant to Federal Rule of Civil Procedure 68. See Defendant 
Anthem, Poulos and Lodi’s Offer of Judgment Pursuant to FRCP 68, dated Jan. 7, 2019 (Docket 
# 61-1). On January 20, 2020, plaintiffs accepted the Rule 68 offer. See Notice of Acceptance 
of Rule 68 Offer of Judgment as to Defendants Anthem Productions, LLC, Advanced Audio 

Technology, LLC, Evaggelos Poulos, and Joseph Lodi, filed Jan. 20, 2020 (Docket # 61) (“Offer 
of Judgment”). The Rule 68 offer was made by all defendants except for defendant Jason Ojeda. 
See id. We will refer to these defendants as the “defendants.” On March 13, 2020, plaintiffs 
filed a separate proposed settlement agreement between plaintiffs and defendant Jason Ojeda for 
a total of $2,000, with $666.65 allocated to attorneys’ fees. See Letter from Jeffrey R. Maguire 
re: Settlement Approval of Plaintiffs’ FLSA Claims, filed Mar. 13, 2020 (Docket # 71); see also 
Stipulation and Order of Dismissal with Prejudice Against Defendnat [sic] Ojeda Only, filed 
Mar. 13, 2020 (Docket # 71-1) (settlement agreement between plaintiffs and defendant Ojeda). 
 2 
On the same date, plaintiffs filed the instant motion for $24,300.50 in attorneys’ fees and 
$4,547.34 in costs. See Mot. 
II. DISCUSSION 
 Because plaintiffs were the prevailing party on their FLSA and NYLL claims, they are 
entitled to an award of reasonable attorneys’ fees. See 29 U.S.C. § 216(b); N.Y. Lab. L. 

§ 663(1); see also Black v. Nunwood, Inc., 2015 WL 1958917, at *2 (S.D.N.Y. Apr. 30, 2015) 
(“The offer of judgment in this case establishes that [plaintiff] is the prevailing party under the 
FLSA and the NYLL.”). 
 As the Second Circuit noted in Arbor Hill Concerned Citizens Neighborhood Ass’n v. 
Cty. of Albany, 522 F.3d 182 (2d Cir. 2008), “[t]he most useful starting point for determining the 
amount of a reasonable fee is the number of hours reasonably expended on the litigation 
multiplied by a reasonable hourly rate.” Id. at 186 (quoting Hensley v. Eckerhart, 461 U.S. 424, 
433 (1983)). This calculation yields a “presumptively reasonable fee,” Arbor Hill, 522 F.3d at 
183, and is commonly referred to as the “lodestar.” Although district courts remain free to 

modify this award to ensure that it represents a reasonable fee and incorporates important or 
unique aspects of the case, see, e.g., Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992), the 
lodestar figure “includes most, if not all, of the relevant factors constituting a reasonable 
attorney’s fee.” Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553 (2010) (citation and 
internal quotation marks omitted). 
 A. Lodestar Calculation 
 1. Reasonable Hourly Rates 
 The rate to be set for plaintiffs’ attorneys should be “what a reasonable, paying client 
 3 
would be willing to pay.” Arbor Hill, 522 F.3d at 184. Any such rate must be “in line with those 
[rates] prevailing in the community for similar services by lawyers of reasonably comparable 
skill, experience, and reputation.” Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 232 (2d 
Cir. 2006) (alteration in original) (internal quotation marks omitted) (quoting Blum v. Stenson, 
465 U.S. 886, 896 n.11 (1984)). 

 To determine an appropriate hourly rate, Arbor Hill directs that a court engage in the 
following process: 
 [T]he district court, in exercising its considerable discretion, [is] to bear in mind 
 all of the case-specific variables that we and other courts have identified as 
 relevant to the reasonableness of attorney’s fees in setting a reasonable hourly 
 rate. The reasonable hourly rate is the rate a paying client would be willing to pay. 
 In determining what rate a paying client would be willing to pay, the district court 
 should consider, among others, the Johnson factors; it should also bear in mind 
 that a reasonable, paying client wishes to spend the minimum necessary to litigate 
 the case effectively. The district court should also consider that such an individual 
 might be able to negotiate with his or her attorneys, using their desire to obtain the 
 reputational benefits that might accrue from being associated with the case. 

522 F.3d at 190. The “Johnson factors” are those laid out in Johnson v. Ga. Highway Express, 
Inc., 488 F.2d 714 (5th Cir. 1974). These are: 
 (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) 
 the level of skill required to perform the legal service properly; (4) the preclusion 
 of employment by the attorney due to acceptance of the case; (5) the attorney’s 
 customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time 
 limitations imposed by the client or the circumstances; (8) the amount involved in 
 the case and the results obtained; (9) the experience, reputation, and ability of the 
 attorneys; (10) the “undesirability” of the case; (11) the nature and length of the 
 professional relationship with the client; and (12) awards in similar cases. 

Arbor Hill, 522 F.3d at 186 n.3 (citing Johnson, 488 F.2d at 717-19). Arbor Hill specifically 
identifies the following factors to be considered in determining what a reasonable, paying client 
would be willing to pay: 
 4 
 the complexity and difficulty of the case, the available expertise and capacity of 
 the client’s other counsel (if any), the resources required to prosecute the case 
 effectively (taking account of the resources being marshaled on the other side but 
 not endorsing scorched earth tactics), the timing demands of the case, whether an 
 attorney might have an interest (independent of that of his client) in achieving the 
 ends of the litigation or might initiate the representation himself, whether an 
 attorney might have initially acted pro bono (such that a client might be aware 
 that the attorney expected low or non-existent remuneration), and other returns 
 (such as reputation, etc.) that an attorney might expect from the representation. 

Id. at 184. Importantly, under Arbor Hill, a court must “step[] into the shoes of the reasonable, 
paying client, who wishes to pay the least amount necessary to litigate the case effectively.” Id. 
(emphasis added). In other words, we are not called upon to determine whether the attorneys on 
this case properly command the rates they seek. Rather, we are called upon to determine the 
“cheapest hourly rate an effective attorney would have charged.” O.R. v. N.Y.C. Dep’t of Educ., 
340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (emphasis in original). 
 Because the fee applicant bears the burden of establishing the reasonableness of the 
hourly rates requested, the applicant must “produce satisfactory evidence . . . that the requested 
rates are in line with those prevailing in the community.” Blum, 465 U.S. at 895 n.11; accord 
Ortiz v. City of N.Y., 2016 WL 4532983, at *3 (S.D.N.Y. July 15, 2016). The Court may also 
“rely on its own familiarity with prevailing rates in the District.” Noble v. Crazetees.com, 2015 
WL 5697780, at *9 (S.D.N.Y. Sept. 28, 2015) (citations omitted). Here, one of plaintiffs’ 
attorneys has submitted an affidavit attesting to the experience and qualifications of the 
individuals that worked on this case, as well as their typical hourly billable rates. See Maguire 
Decl. Plaintiffs have also submitted a number of affidavits from labor and employment 
attorneys, each of which either attests to their own billable rate or the reasonableness of Michael 
J. Borrelli’s hourly rate. See Attorney Affidavits, filed Mar. 13, 2020 (Docket # 70-3). 
 5 
 As we recently noted, courts have “commonly awarded experienced wage-and-hour 
attorneys rates between $300 and $400 per hour.” Crowhurst v. Szczucki, 2019 WL 6122645, at 
*11 (S.D.N.Y. Nov. 19, 2019), adopted by 2020 WL 133509 (S.D.N.Y. Jan. 11, 2020); Chuk On 
Chan v. Good Chows Inc., 2017 WL 9538901, at *7 (S.D.N.Y. Mar. 3, 2017) (“Courts in this 
District have determined that a fee ranging from $250 to $450 per hour is appropriate for 

experienced civil rights and employment law litigators.”) (citing Castellanos v. Mid Bronx Cmty. 
Hous. Mgmt. Corp., 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014)), adopted by 2017 WL 
6550689 (S.D.N.Y. Dec. 21, 2017); Castellanos, 2014 WL 2624759, at *7 (“In labor and 
employment cases, courts in this district have approved hourly rates of $300-400 for partners.”). 
Less experienced attorneys, including associates, are commonly awarded fees “of about $200 to 
$275 per hour.” Siegel v. Bloomberg L.P., 2016 WL 1211849, at *6 (S.D.N.Y. Mar. 22, 2016) 
(noting associates with “at least four years of experience” are commonly awarded fees in the 
$200 to $275 range) (citation omitted); Rosendo v. Everbrighten Inc., 2015 WL 1600057, at *8 
(S.D.N.Y. Apr. 7, 2015) (“[A]ttorneys in FLSA cases typically command hourly rates relatively 

modest rates of between $250 and $450 per hour, depending on their level of experience.”) 
(citation omitted), adopted by 2015 WL 4557147 (S.D.N.Y. July 28, 2015); Baltierra v. 
Advantage Pest Control Co., 2015 WL 5474093, at *13 (S.D.N.Y. Sept. 18, 2015) (“Reasonable 
hourly rates for junior associates in this district vary, but typically are between $150 and $200 
per hour.”) (collecting cases). 
 The attorneys have submitted the following information regarding their experience. 
Michael J. Borrelli has practiced for 18 years focusing on labor and employment cases. Maguire 
Decl. ¶¶ 21, 23. Borrelli seeks an hourly rate of $400. Id. ¶ 29. Alexander Coleman is a partner 
 6 
at the firm. Id. ¶ 30. While the affidavit is not clear, it appears that he was admitted to the bar in 
2010 and has litigated mostly wage-and-hour law or employment discrimination cases. Id. 
¶¶ 31-32. Coleman is seeking an hourly rate of $350. Id. ¶ 34.2 Jeffrey Maguire is senior 
counsel at the firm, has been admitted to the bar since 2009, and has a practice that consists 
primarily of wage and hour matters. Id. ¶¶ 35-37. Maguire is seeking an hourly rate of $295. 

Id. ¶ 39. Dong Phuong v. Nguyen is a former associate at the firm who was admitted to the bar 
in 2015. Id. ¶ 40. Prior to joining the firm in 2018, Nguyen was an associate at a labor and 
employment firm where she almost exclusively represented plaintiffs in employment disputes. 
Id. Nguyen seeks an hourly rate of $250. Id. ¶¶ 41-42. Danielle E. Meitus is an associate at the 
firm who has been admitted since 2017. Id. ¶ 43. Prior to joining the firm in 2018, Meitus was 
an associate at another firm that specialized in plaintiff-side wage and hour cases, as well as 
discrimination cases. Id. Meitus seeks an hourly rate of $200. 
 The Court has considered all of the factors in Johnson and Arbor Hill, and notes that this 
case was not unusually complex, that it did not demand great resources, and that there were no 

unusual timing demands on the case. On the other hand, counsel and their firm practice 
extensively in the field of class action and collective action lawsuits, specializing in wage and 
hour cases. See Maguire Decl. ¶ 20. We have also relied on our own knowledge of rates in this 
district to determine what is the “cheapest hourly rate an effective attorney would have charged.” 

 2 Defendants assert there is a “discrepancy” in the rates asserted for Borrelli and 
Coleman in the Maguire Declaration and the rates contained in the billing records. See Def. 
Opp. at 9 n.11 (citing Maguire Decl. ¶ 15 and Billing, filed Mar. 13, 2020 (Docket # 70-1) 
(“Time Records”)). We see no discrepancy, however, because the hourly rates of $500 for 
Borrelli and $400 for Coleman discussed in the Maguire Declaration refer to “hourly paying 
client engagements of” the firm, not the rates sought here. Maguire Decl. ¶ 15. 
 7 
O.R, 340 F. Supp. 3d at 364. We conclude that the following rates are appropriate: Borrelli, 
$375 per hour; Coleman, $325 per hour; Maguire, $295 per hour; Nguyen $250 per hour; and 
Meitus, $200 per hour. 
 Finally, Luiggi Tapia and Pablo E. Martinez are two paralegals at the firm who assisted 
with paralegal and clerical duties in this matter. Id. ¶ 46. While they seek an hourly rate of $90, 

they will be compensated at the rate of $75 per hour as is customary for paralegals. See Guaman 
v. J & C Top Fashion, Inc., 2016 WL 791230, at *10 (S.D.N.Y. Feb. 22, 2016) (citing cases); 
accord Shabazz v. City of N.Y., 2015 WL 7779267, at *4 (S.D.N.Y. Dec. 2, 2015) (approving 
$75 per hour rate for paralegal); Salama v. City of N.Y., 2015 WL 4111873, at *3 (S.D.N.Y. July 
8, 2015) ($75 is the rate “customarily awarded for paralegals” in the Southern District of New 
York) (citations omitted). 
 2. Reasonable Number of Hours Expended 
 Plaintiffs must also establish that the number of hours for which they seek compensation 
are reasonable. Arbor Hill, 522 F.3d at 188. In evaluating whether claimed hours are 

reasonable, a court considers “not whether hindsight vindicates an attorney’s time expenditures, 
but whether, at the time the work was performed, a reasonable attorney would have engaged in 
similar time expenditures.” Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). “Because 
attorney’s fees are dependent on the unique facts of each case, the resolution of this issue is 
committed to the discretion of the district court.” Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 
1992). In exercising this discretion, the district court should look “to its own familiarity with the 
case and its experience with the case and its experience generally as well as to the evidentiary 
submissions and arguments of the parties.” Id. (internal quotation marks omitted) (quoting Di 
 8 
Filippo v. Morizio, 759 F.2d 231, 236 (2d Cir. 1985)). Additionally, it is well-established that 
“any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document 
the application with contemporaneous time records . . . specify[ing], for each attorney, the date, 
the hours expended, and the nature of the work done.” N.Y. State Ass’n for Retarded Children, 
Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). 

 In support of their application for attorneys’ fees, plaintiffs’ attorneys submitted copies of 
their billing records showing the date on which services were performed, the hours expended, 
and a description of the work done. See Time Records. Plaintiffs attest these records are 
compiled from contemporaneous time entries. Maguire Decl. ¶¶ 10-11. Thus, plaintiffs’ records 
satisfy the contemporaneous time records requirement. See, e.g., Cruz v. Local Union No. 3 of 
Int’l Bhd. of Elec. Workers, 34 F.3d 1148, 1160-61 (2d Cir. 1994); Hollander Glass Tex., Inc. v. 
Rosen-Paramount Glass Co., 291 F. Supp. 3d 554, 562-63 (S.D.N.Y. 2018). 
 When reviewing such records, a court’s task is to make “a conscientious and detailed 
inquiry into the validity of the representations that a certain number of hours were usefully and 

reasonably expended.” Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). “The critical 
inquiry is ‘whether, at the time the work was performed, a reasonable attorney would have 
engaged in similar time expenditures.’” Angamarca v. Pita Grill 7 Inc., 2012 WL 3578781, at 
*12 (S.D.N.Y. Aug. 2, 2012) (quoting Grant, 973 F.2d at 99). In addressing this question, courts 
should not, however, engage in “an ex post facto determination of whether attorney hours were 
necessary to the relief obtained.” Grant, 973 F.2d at 99. 
 Additionally, if a court finds that claimed hours are “excessive, redundant, or otherwise 
unnecessary,” it should exclude those hours from its calculation of the presumptively reasonable 
 9 
fee. Hensley, 461 U.S. at 434; accord Quaratino v. Tiffany & Co., 166 F.3d 422, 426 n.6 (2d 
Cir. 1999) (citations omitted); Farmer v. Hyde Your Eyes Optical, Inc., 2015 WL 2250592, at 
*15 (S.D.N.Y. May 13, 2015). However, as the Supreme Court noted in Hensley, “[t]here is no 
precise rule or formula for making these determinations.” 461 U.S. at 436. Because “it is 
unrealistic to expect a trial judge to evaluate and rule on every entry in an application,” Carey, 

711 F.2d at 1146, “the court has discretion simply to deduct a reasonable percentage of the 
number of hours claimed ‘as a practical means of trimming fat from a fee application,’” Kirsch v. 
Fleet Street, Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (quoting Carey, 711 F.2d at 1146). Thus, a 
district court is not required to “set forth item-by-item findings concerning what may be 
countless objections to individual billing items.” Lunday, 42 F.3d at 134. 
 Plaintiffs’ records indicate they spent 208.5 hours on this matter. Maguire Decl. ¶ 14. 
However, plaintiffs have “reviewed the billing line-by-line and excluded 118.3 hours of attorney 
and paralegal time,” which plaintiffs “deemed either redundant, excessive, or otherwise 
unnecessary for purposes of this fee application.” Id. Plaintiffs also represent that they have 

removed time spent with respect to settling this matter with defendant Jason Ojeda. Id. After 
this reduction, plaintiffs seek fees for 90.2 hours of work, totaling $24,300.50. Id. 
 Defendants make several arguments addressed to the number of hours claimed. They ask 
that the Court decline to award any fees to Borrelli, arguing that none of the work Borrelli 
performed was substantive and almost entirely involved “reviewing electronic court filings and 
communicating with other attorneys.” Def. Opp. at 9. Defendants also seek a reduction in the 
14.2 hours they allege are sought for preparing the complaint in this matter, on the ground that 
the complaint here is virtually identical to another complaint filed against defendants by 
 10 
plaintiffs’ counsel. Def. Opp. at 10. In a similar vein, defendants allege that the hours billed for 
certain tasks were excessive: specifically, 13.7 hours to draft the conditional certification motion, 
2.3 hours to draft a letter to the Court, 5.0 hours to draft the instant fee motion, and “$923 for 
simple internal communications among counsel and paralegals.” Id. Several of defendants’ 
objections have merit. For example, we agree that there are substantial similarities between the 

complaint in this case and the complaint in the case cited by defendants. Thus the approximately 
12 hours3 sought for the drafting of the complaint is on the high side, and other courts in the 
Second Circuit have reduced fee awards under similar circumstances. See, e.g., Zokirzoda v. 
Acri Cafe Inc., 2020 WL 359908, at *7 (S.D.N.Y. Jan. 22, 2020) (reducing hours requested on 
“factually straightforward” complaint that was “similar in form to several other FLSA and 
NYLL complaints counsel have filed in this district” from 14 hours to 11.2 hours); Gamero v. 
Koodo Sushi Corp., 328 F. Supp. 3d 165, 175 (S.D.N.Y. 2018) (declining to award “7.4 hours 
allocated to preparing and filing the Complaint” in FLSA case and instead awarding 3.5 hours). 
Additionally, many of the entries made by Borrelli were “for matters that could have been done 

at a much lower rate by counsel’s law clerk or associate.” Dajbabic v. Rick’s Cafe, 995 F. Supp. 
2d 210, 214 (E.D.N.Y. 2014) (reducing fee award based on, inter alia, partner time billed to 
preparing and filing the summons). For example, we are mystified that charges are being made 
for every single ECF notification regardless of its content, including, for example, 48 minutes to 

 3 Defendants assert plaintiffs are requesting 14.2 hours for tasks related to drafting the 
complaint, Def. Opp. at 10, but plaintiffs contend they are only seeking 7.9 hours for drafting the 
complaint, Pl. Reply at 5. Neither side cites which individual entries they are attributing to the 
drafting of the complaint, but the Court’s review of the billing records suggests approximately 12 
hours were billed for tasks related to the drafting and filing of the complaint. See Time Records 
at 1-8. 

 11 
review routine notifications that occur upon the filing of a case, such as the assignment of a 
district and magistrate judge. See Time Records at 9. 
 Having examined the records, we will exercise our “discretion simply to deduct a 
reasonable percentage of the number of hours claimed ‘as a practical means of trimming fat from 
a fee application.’” Kirsch, 148 F.3d at 173 (quoting Carey, 711 F.2d at 1146). We conclude 

that even after plaintiffs’ laudable reduction from 208.5 hours to 90.2 hours, the requested 
number of hours is still too great. It appears that plaintiffs could build on work they had done on 
a previous case, that there were almost no discovery demands put on plaintiffs, and the main 
substantive work done on the case was a single application for approval of a collective action. 
Rather than “set forth item-by-item findings concerning what may be countless objections to 
individual billing items,” Lunday, 42 F.3d at 134, the Court chooses to deduct a percentage of 
hours from plaintiffs’ application to align the number of hours sought with what we view as 
reasonable. Specifically, we find that a 15% downward adjustment is appropriate, resulting in 
76.67 hours awarded. See Kahlil v. Original Old Homestead Rest., Inc., 657 F. Supp. 2d 470, 

476 (S.D.N.Y. 2009) (15% reduction appropriate based on attorney time billed while conducting 
clerical tasks, time billed to internal conversations, and excessive time billed drafting short 
letters to the court). This adjustment brings the number of hours sought here closer to awards 
that have been granted by other courts in similar cases. See, e.g., Fabre v. Highbury Concrete 
Inc., 2018 WL 2389719, at *1, 4 (E.D.N.Y. May 24, 2018) (78 hours reasonable in FLSA action 
where Rule 68 offer was accepted six months after filing of complaint, and after motion for 
collective action certification was made); Lilly v. City of N.Y., 2017 WL 3493249, at *1, 7 
(S.D.N.Y. Aug. 15, 2017) (awarding 50.3 hours of reasonable attorneys’ fees in civil rights 
 12 
action where Rule 68 offer was accepted nine months after filing of complaint, there was limited 
discovery, and an unsuccessful mediation occurred), rev’d in part on other grounds, 934 F.3d 222 
(2d Cir. 2019). 
 3. Calculation of Fee 
 The fees awarded are summarized in the following chart. 

Attorney Rate Awarded Hours Requested Hours Awarded Total 
 (15% Reduction) 
Borrelli $375 8.1 6.885 $2,581.88 
Coleman $325 9.4 7.99 $2,596.75 
Maguire $2954 28.8 24.48 $7,046.18 
Nguyen $250 26.5 22.525 $5,440 
Meitus $200 13.9 11.815 $2,363 
Paralegals $75 3.5 2.975 $220.88 
Total $20,250.69 

 4. Costs 
 Plaintiffs also seek $4,547.34 in costs. Maguire Decl. ¶ 50. Plaintiffs provide a 
statement outlining specific expenses, including $400 in filing fees; $3,170.24 in private 
mediation fees; $209.05 in research expenses; $63.66 in service fees; $633.20 in translation fees 

 4 For 1.4 hours requested for Maguire’s travel time, and 1.8 hours billed by Nguyen for 
travel time, plaintiffs seek half of the attorneys’ hourly rates. This reduction is appropriate and 
reflected in our calculations. See C.B. v. N.Y.C. Dep’t of Educ., 2019 WL 3162177, at *11 
(S.D.N.Y. July 2, 2019) (awarding half of hourly rate for travel time is the “practice followed by 
this district”). 

 13 
and postage for FLSA notices; $30.52 in travel costs; and $40.67 in printing, copying, and 
postage fees. See Costs Statement, filed Mar. 13, 2020 (Docket # 70-2). Plaintiffs also include 
receipts for many of the expenses. See Receipts, filed Mar. 13, 2020 (Docket # 70-4). 
Defendants make no specific objection to these charges. See Def. Opp. And such charges are 
recoverable. See, e.g., Murphy v. Lajaunie, 2018 WL 7968908, at *13 (S.D.N.Y. Feb. 2, 2018) 

(awarding “expenses for mediation, depositions, service of process, postage and delivery 
services, translation services, filing fees, court transcripts, transportation, and temporary staff for 
inquest document review” in FLSA case), adopted by 2019 WL 642695 (S.D.N.Y. Feb. 15, 
2019); Sakiko Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) 
(awarding mediation expenses). 
 C. Defendants’ Other Arguments 
 Finally, defendants make two arguments that have nothing to do with hourly rates or 
particular time entries. They argue that the amount that this Court awards in fees must be what a 
“paying client would be willing to pay, given that such a party wishes to spend the minimum 

necessary to litigate the case effectively,” Def. Opp. at 7 (quoting Indep. Project, Inc. v. Ventresca 
Bros. Constr. Co., 397 F. Supp. 3d 482, 494 (S.D.N.Y. 2019)) (internal quotation marks omitted), 
and that “requested fees in excess of the reasonably expected amount of a recovery would not be 
reasonable,” id. In other words, defendants argue the Court should not award more than $16,000 
because it would be irrational to spend more than $16,000 to collect $16,000. Defendants 
supplement this argument by asserting that “[t]raditionally,” in FLSA cases, “attorneys’ fees are 
awarded under the ‘percentage of the fund’ method and one-third of the total settlement is normally 
considered a reasonable fee.” Id. at 8 (quoting Sanchez v. DPC N.Y. Inc., 381 F. Supp. 3d 245, 250 
 14 
(S.D.N.Y. 2019)) (internal quotation marks omitted). 
 Both arguments are completely unsupported by the cases defendants cite or, indeed, by any 
case law. First, the quotation regarding what a “paying client would be willing to pay” does not refer 
to the total amount awarded in fees, but rather to what hourly rate should be awarded. See Ventresca 
Bros. Constr. Co., 397 F. Supp. 3d 482 at 493-94. We have, of course, already determined such a 
rate. 
 The argument that the attorneys’ fee award here could be made on a “percentage of the fund” 

basis is equally frivolous. Sanchez, the case cited by defendants, Def. Opp. at 8, addressed a 
situation where a common fund was created through a settlement and it was agreed between the 
parties that attorneys’ fees would be paid from that common fund. 381 F. Supp. 3d at 250. Here, 
fees are being awarded pursuant to statutes following a judgment favorable to the plaintiffs. See 29 
U.S.C. § 216(b); N.Y. Lab. L. § 663(1). There is no “fund” from which attorneys’ fees will be 
deducted. Thus, the argument regarding an appropriate “percentage” has no application here. 
None of the cases cited by defendants suggest otherwise. 
 Relatedly, defendants argue that the requested attorneys’ fees award is impermissibly 
“disproportionate to the amount of the settlement [sic].” Def. Opp. at 1. But, as the Second Circuit 
has noted, “[t]he whole purpose of fee-shifting statutes is to generate attorneys’ fees that are 
disproportionate to the plaintiff’s recovery.” Millea v. Metro-N. R. Co., 658 F.3d 154, 169 (2d 

Cir. 2011) (emphasis in original). Indeed, the Second Circuit has emphasized that it has 
“repeatedly rejected the notion that a fee may be reduced merely because the fee would be 
disproportionate to the financial interest at stake in the litigation.” Kassim v. City of 
Schenectady, 415 F.3d 246, 252 (2d Cir. 2005). Thus, attorneys’ fee awards well in excess of 
 15 
the amount recovered by plaintiffs are routinely permitted. See, e.g., Hui Luo v.L & S 
Acupuncture, P.C., 649 F. App’x 1, 3 (2d Cir. 2016) (affirming attorneys’ fees award of $64,038 
where plaintiff recovered $4,130.75 under the FLSA and NYLL) (summary order); Boutros v. 
JTC Painting & Decorating Corp., 2014 WL 3925281, at *8 (S.D.N.Y. Aug. 8, 2014) (awarding 
$82,531.25 in attorneys’ fees in FLSA action where two plaintiffs collectively settled for 
$66,000). 
 In the face of such case law — none of which is cited by defendants — defendants 
blithely assert that “most courts have found that requested fees in excess of the reasonably expected 
amount of a recovery would not be reasonable.” Def. Opp. at 7. Not surprisingly, the only citation 
given in support of that statement, Gamero, 328 F. Supp. 3d at 176, says no such thing. Rather, 
Gamero reduced a requested fee award (1) because of “the enormous disparity (even setting aside the 
change in the law concerning liquidated damages) between the damages Plaintiffs originally sought 
and those they ultimately were awarded,” id. at 177-78, and (2) because “counsel allowed at least one 
Plaintiff to present perjured testimony at trial,” id. at 178. Neither circumstance is present here. 
Thus, defendants’ citation to Gamero is baseless. 
II]. CONCLUSION 
 For the forgoing reasons, plaintiffs’ motion for attorneys’ fees and costs is granted in 
part. Plaintiffs are awarded $20,250.69 in attorneys’ fees and $4,547.34 in costs for a total of 
$24,798.03. 
Dated: May 26, 2020 (p pt WD. Ges 
 New York, New York Ny 
 GABRIEL W. GORENSTEIN. 
 United States Magistrate Judge 

 16