24-700
*Asseng v. Beisel*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-five.

PRESENT:     STEVEN J. MENASHI,
             MYRNA PÉREZ,
             ALISON J. NATHAN,
                     *Circuit Judges.*

_____

MICHAEL ASSENG,

          *Plaintiff-Appellee,*

     v.                                          No. 24-700

JOHN BEISEL, NASSAU COUNTY POLICE SERIAL
NO. 7586,

          *Defendant-Appellant,*

COUNTY OF NASSAU, JOHN DOE, NASSAU COUNTY
POLICE OFFICER, JOHN DOE 2, NASSAU COUNTY
POLICE OFFICER, ANTHONY GABRIELLI, NASSAU

COUNTY POLICE SERGEANT, JOHN DOE 3, NASSAU
COUNTY POLICE SERGEANT, JOHN DOE 1, NASSAU
COUNTY DISTRICT ATTORNEY,

   *Defendants*.[*]

_____

| | |
|---|---|
| *For Plaintiff-Appellee*: | CHARLES H. HORN, Horn Wright, LLP, Garden City, NY. |
| *For Defendant-Appellant*: | ALEXANDER E. SENDROWITZ, Quatela Chimeri PLLC, Hauppauge, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Shields, M.J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant John Beisel appeals from a judgment of the United States District Court for the Eastern District of New York, entered on February 27, 2024, that awarded $850,484.81 in attorneys' fees and costs to Plaintiff-Appellee Michael Asseng following a partially successful civil rights trial. In 2014, Asseng filed an action pursuant to 42 U.S.C. § 1983 against Beisel and six other defendants.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

Asseng alleged that the defendants violated his rights under the Fourth and Fourteenth Amendments when—following a school bus accident on January 18, 2013—Nassau County arrested and prosecuted Asseng for five felony counts of aggravated driving while intoxicated. After nearly a decade of litigation, the case proceeded to trial against Beisel—the sole remaining defendant—on claims of false arrest, malicious prosecution, and denial of medical treatment. The jury returned a verdict in favor of Asseng on the false arrest and malicious prosecution claims. Asseng then moved for attorneys' fees and costs under 42 U.S.C. § 1988, requesting $817,131.33 in attorneys' fees and $33,353.48 in costs. The district court granted the motion in full, awarding fees and costs in the amounts requested.

On appeal, Beisel argues that the district court abused its discretion by (1) determining that Asseng's unsuccessful claims were intertwined with his successful claims; (2) failing to conduct an adequate review of counsel's billing records; and (3) awarding unreasonably high hourly rates to associate attorneys. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

"We review a district court's award of attorneys' fees under § 1988 for abuse of discretion, mindful that abuse of discretion—already one of the most deferential standards of review—takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record." *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 163-64 (2d Cir. 2014) (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 175 (2d Cir. 2012)); *see also Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019) ("As with all aspects of our fee-shifting jurisprudence, we afford district courts broad discretion in awarding attorneys' fees because they are much closer to the details of each individual case and can better determine what is reasonable and appropriate in the fee calculus for the particular case.").

## II

Beisel argues that the district court abused its discretion by determining that Asseng's unsuccessful claims were intertwined with his successful claims. We disagree. When claims "involve a common core of facts or are based on related legal theories," the district court may award fees "for unsuccessful claims as well

4

as successful ones." *Green v. Torres*, 361 F.3d 96, 98 (2d Cir. 2004) (internal quotation marks and alteration omitted). "So long as the plaintiff's unsuccessful claims are not 'wholly unrelated' to the plaintiff's successful claims, hours spent on the unsuccessful claims need not be excluded from the lodestar amount." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994).

In this case, the district court determined that "all of Plaintiff's causes of action[] arose from the same facts, are contemporaneous in time, and involve the same parties" and were therefore "intertwined." *Asseng v. Beisel*, No. 14-CV-5275, 2024 WL 669871, at *9 (E.D.N.Y. Feb. 19, 2024). Asseng's claims all focused on the January 2013 incident and arrest. While Asseng did not prevail on his claim for denial of medical treatment, the medical evidence and expert testimony developed for that claim were relevant to his successful false arrest and malicious prosecution claims. Both parties relied on medical experts to establish when Asseng was diagnosed with sepsis at the hospital—a relevant fact for determining when Beisel knew or should have known that there was no probable cause for arrest and prosecution. The district court could reasonably conclude that the claims were not "wholly unrelated" given the evidentiary overlap.

Beisel argues that even if the claims were intertwined, the district court erred by failing to consider whether a reduction was warranted based on Asseng's limited success. While a reduction in fees based on partial success might have been within the district court's discretion, we cannot say the district court abused that discretion by declining to impose one. "[T]he determination of whether such a lodestar adjustment need be made is left largely to the discretion of the trial court." *Lunday*, 42 F.3d at 135.

## III

Beisel next argues that the district court failed to conduct an adequate review of counsel's billing records and improperly deferred to their "billing judgment." We again disagree. While the district court referenced counsel's "billing judgment" several times, that was not the sole basis of its reasonableness determination. *Asseng*, 2024 WL 669871, at *1, *6. The district court conducted an independent analysis of the fee request, examining the specific experience of each attorney, reviewing the contemporaneous billing records, and assessing the complexity and circumstances of the litigation. The district court specifically rejected Beisel's arguments that the billing records were "vague, reliant on block billing, and replete with excessive and duplicative entries," concluding that the

6

records provided "sufficient detail to determine the reasonableness of the work performed." *Id.* at *7-8. We see no abuse of discretion in that conclusion.

**IV**

Finally, Beisel argues that the district court abused its discretion by awarding hourly rates of $400 to a senior associate and $350 to a mid-level associate. We are not persuaded. While these rates are at the high end of associate rates typically approved in the Eastern District, the district court emphasized that both attorneys had specialized experience in civil rights litigation that distinguished them from typical associates. *Id.* at *6. We have recognized that "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184 n.2 (2d Cir. 2008); *see also Trustees of Ne. Carpenters Health v. Cali Enters., Inc.*, No. 18-CV-3556, 2019 WL 2076784, at *5 (E.D.N.Y. May 10, 2019) ("[T]he range of 'reasonable' attorney fee rates in this district varies depending on the type of case, the nature of the litigation, … and the expertise of its attorneys.") (internal quotation marks omitted). Given the deferential standard of review and the

7

district court's consideration of the attorneys' relevant expertise, we cannot say the district court abused its discretion in accepting these rates.

*     *     *

We have considered Beisel's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court