12-118-cv
Hayes v. Harmony Gold Mining Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand thirteen.

PRESENT:  PIERRE N. LEVAL,
          REENA RAGGI,
                    *Circuit Judges*.
          KENNETH M. KARAS,
                    *District Judge*.[*]

------------------------------------------------------------------------
JAMES J. HAYES, individually and on behalf of all others similarly situated,
                    *Plaintiff-Appellant*,

                    v.                                    No. 12-118-cv

HARMONY GOLD MINING COMPANY LIMITED, THE CERTIFIED CLASS,
                    *Defendants-Appellees*,

BERNARD SWANEPOL, NOMFUNDO QANGULE,
                    *Defendants*.
------------------------------------------------------------------------

------

[*] Judge Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:        James Hayes, *pro se*, Annandale, Virginia.

FOR APPELLEES:        Joseph E. White III, Maya Saxena, Brandon T. Grzandziel, Saxena White P.A., Boca Raton, Florida; Curtis V. Trinko, Jennifer Traystman, Law Offices of Curtis V. Trinko, LLP, New York, New York, *for Appellee the Certified Class*.

Andrea W. Trento, Mark D. Gately, David F. Wertheimer, Hogan Lovells US LLP, Baltimore, Maryland & New York, New York, *for Appellee Harmony Gold Mining Co.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 14, 2011, is AFFIRMED.

James J. Hayes appeals <u>pro se</u> from an order and final judgment approving settlement of a securities fraud class action against defendant Harmony Gold Mining Co. and certain individual directors and officers (collectively, "Harmony"), <u>see</u> 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5, arising from Harmony's underreporting of expenses incident to its implementation of a new accounting software system. We review the approval of a class action settlement deferentially, identifying error only upon "a clear showing that the District Court has abused its discretion" in finding the settlement procedurally and substantively fair. <u>D'Amato v. Deutsche Bank</u>, 236 F.3d 78, 85 (2d Cir. 2001) (internal quotation marks omitted). The procedural fairness inquiry requires a court to "examine[] the negotiation process with appropriate scrutiny." <u>Id.</u> Substantive fairness is judged by reference to the factors enumerated in <u>City of Detroit v. Grinnell Corp.</u>, 495 F.2d 448, 463 (2d Cir. 1974)

(listing nine factors relevant to fairness of class action settlement amount), abrogated on other grounds by Goldberger v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000); accord Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117–19 (2d Cir. 2005) (applying Grinnell factors in upholding class action settlement).  Insofar as they inform approval of the settlement, we review questions of law de novo.  See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d at 106 n.12.  In applying these principles, we assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated by the district court at the November 10, 2011 fairness hearing and in its December 2, 2011 Memorandum and Order.

Hayes challenges the settlement on the grounds that: (1) the district court was not entitled to approve it over the objection of Hayes as sole class representative; (2) district courts must engage in quantitative analyses of proposed settlements prior to their approval; and (3) attorney's fees should not be awarded in an amount exceeding 10% of the common settlement fund, unless the settlement is structured on a "per share" or "claims made" basis. An independent review of the record and relevant case law reveals these arguments to be without merit and confirms that the district court properly approved the challenged settlement.[1]

---

[1] Because Hayes, a frequent class action objector and appellant, raises a general challenge to the district court's consideration of the Grinnell factors in his reply brief only, we decline to consider the argument.  See Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010) (stating that court may "lessen [customary] solicitude" where "particular pro se litigant

3

First, although the district court did not consider whether the objection of a lead plaintiff could prevent settlement approval, this court has held that a class representative may not singlehandedly veto a proposed settlement. See In re Ivan F. Boesky Sec. Litig., 948 F.2d 1358, 1366 (2d Cir. 1991); see also Grant v. Bethlehem Steel Corp., 823 F.2d 20, 23 (2d Cir. 1987) (noting district court's "fiduciary responsibility to the silent class members, despite vociferous opposition to the settlement").

Second, while the district court "must give comprehensive consideration to all relevant factors" in reviewing a settlement, the "settlement hearing must not be turned into a trial." City of Detroit v. Grinnell Corp., 495 F.2d at 463. Here, the district court considered a detailed damages analysis by class counsel's retained expert, as well as a number of factors—including the potential unavailability of foreign witnesses, the difficulty of proving fraudulent intent, and the burdens of expert discovery involving forensic accountants—that together diminished the expected financial return of litigation, before concluding that the proposed settlement, on terms recommended by an independent and experienced mediator, was procedurally and substantively fair. No more is required.[2]

_____

is familiar with the procedural setting"); LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (treating as abandoned argument not raised by pro se plaintiff in appellate brief).

[2] We identify no merit in Hayes's contention that In re Initial Public Offerings Securities Litigation, 471 F.3d 24 (2d Cir. 2006), which rejected "use of a 'some showing' standard [of proof] for a Rule 23 requirement" on class certification, id. at 42 (quoting Caridad v. Metro-N. Commuter R.R., 191 F.3d 283, 292 (2d Cir. 1999)), implicitly abrogated Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d at 116 ("[A] 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'" (quoting

4

Third, Hayes points to no authority supporting his proposed 10% cap on attorney's fees in common fund cases. Indeed, <u>Goldberger v. Integrated Resources, Inc.</u> signals otherwise in recognizing that "[w]hat constitutes a reasonable fee is properly committed to the sound discretion of the district court." 209 F.3d at 47. Nor does Hayes offer any support for his urged "per share" approach to settlement, a structure Harmony stated it would not accept in any event. In fact, as the district court recognized, the prospect of a percentage fee award from a common settlement fund, as here, aligns the interests of class counsel with those of the class.

We have considered all of Hayes's other arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

Manual for Complex Litigation, Third § 30.42 (1995)). Whether or not the district court afforded the challenged settlement a presumption of fairness, <u>see</u> Nov. 10, 2011 Hearing Tr. 23, J.A. 159 (describing settlement as "negotiated at arm's length, and . . . proposed by a mediator"), it would not have abused its discretion in approving the settlement even if no such presumption applied.

5