19-3748-cv
*In re Patriot National, Inc. Securities Litigation*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty.**

PRESENT:    JON O. NEWMAN
            RICHARD C. WESLEY
            JOSEPH F. BIANCO,
                        *Circuit Judges.*

---

IN RE PATRIOT NATIONAL, INC. SECURITIES
LITIGATION[*]                                            19-3748-cv


ARIC MCINTIRE, HENRY WASIK

            *Plaintiffs-Appellants,*

ODS CAPITAL LLC, BARRY A. SMITH, SUNIL SHAH,
ADAM KAYCE,

            *Plaintiffs-Appellees*,

            v.

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform to the caption above.

CHRISTOPHER PESCH, CHARLES H. WALSH,
MICHAEL J. COREY, QUENTIN P. SMITH,

   *Defendants-Appellees.*

---

| | |
|---|---|
| For Plaintiffs-Appellants: | NICHOLAS I. PORRITT (Eduard Korsinsky, *on the brief*), Levi & Korsinsky, LLP, New York, NY. |
| For Plaintiffs-Appellees: | JACOB M. POLAKOFF, Berger Montague PC, Philadelphia, PA (Lawrence Deutsch, Berger Montague PC, Philadelphia, PA; Joseph D. Cohen, Jennifer M. Leinbach, Glancy Prongay & Murray LLP, Los Angeles, CA, *on the brief*). |
| For Defendants-Appellees: | JOHN P. STIGI III, Sheppard, Mullin, Richter & Hampton LLP, Los Angeles, CA (Christopher J. Bosch, Sheppard, Mullin, Richter & Hampton LLP, New York, NY, *on the brief*). |

On appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on November 6, 2019 is **AFFIRMED**.

Plaintiffs-appellants Aric McIntire and Henry Wasik (collectively, "appellants"), appeal from the district court's November 6, 2019 order approving settlement of a securities fraud class action against defendants-appellees Patriot National, Inc. and certain of its officers and directors. On appeal, appellants challenge the settlement on three grounds: (1) the settlement was unfair because it did not provide adequate compensation for investors like appellants who possessed other claims; (2) lead plaintiffs-appellees were not adequate class representatives because their interests

2

were not aligned with class members who had additional claims; and (3) the class settlement notice was deficient.

We review each of these challenges under an abuse of discretion standard. *See TBK Partners, Ltd. v. W. Union Corp.*, 675 F.2d 456, 463 (2d Cir. 1982) (reviewing the reasonableness of a settlement); *In re Nassau Cnty. Strip Search Cases*, 461 F.3d 219, 224 (2d Cir. 2006) (reviewing class certification); *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 438 (2d Cir. 2007) (reviewing class notices). We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

### I.       Fairness of the Settlement

Lead plaintiffs- and defendants-appellees (collectively, "appellees") agreed to a $6.5 million settlement in this case, which is 6.1 percent of what appellees agree is the settlement class's maximum potentially recoverable damages, $106 million. Appellants argue that the settlement was unfair because it accounts only for damages under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j ("Exchange Act"), and does not account for additional claims that could be asserted on behalf of some class members under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k ("Securities Act") and under Delaware state law. Appellants further contend that had these claims been included in the calculation of the overall settlement amount, the potential recovery would have been $195 million.

A class action settlement must be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). In assessing the adequacy of a class action settlement, district courts in this Circuit consider the *Grinnell* factors:

3

(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (citations omitted), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). We have emphasized that, on appeal, the district court's determination is accorded "[g]reat weight . . . because he is exposed to the litigants, and their strategies, positions and proofs. . . . Simply stated, he is on the firing line and can evaluate the action accordingly." *Id.* at 454; *accord Joel A. v. Giuliani*, 218 F.3d 132, 139 (2d Cir. 2000).

Here, the district court did not abuse its discretion in approving the settlement. In addressing the fairness of the settlement, the district court specifically considered the *Grinnell* factors and noted the many reasons that the settlement was fair and adequate, including: the defendant company had filed for bankruptcy and had "possibly as low as $16 million" in insurance-policy funds available to reimburse the class; the insurance was "wasting," and creating a risk that further litigation would drain the amount available to shareholders; the final settlement amount was within the reasonable percentage of recoveries in terms of similar cases; the settlement was the product of arm's length, court-ordered mediation; there was only one objection and two opt-outs out of the 13,530 notices that were sent out to class members; the largest shareholders agreed to and "actively endorsed the settlement"; and the district court was "satisfied that the litigation

4

risks were taken into account by plaintiffs' counsel." Joint App'x at 3146, 3154–55. These reasons were more than sufficient for the district court to find the recovery to be fair and reasonable.

Although appellants argue that shareholders who had Securities Act and Delaware state law claims were not fairly compensated, we find that argument unpersuasive for several reasons. First, the parties presented an allocation plan to the district court that based recovery on individual market losses, rather than on any specific claim. More specifically, appellees' expert noted in his report that every shareholder who bought shares during the initial public offering (and who, thus, had a potential claim under the Securities Act) was, under the plan of allocation, entitled to compensation based upon their actual loss. The district court was within its discretion to approve the settlement based upon that evidence. *See Hayes v. Harmony Gold Mining Co.*, 509 F. App'x 21, 23 (2d Cir. 2013) (summary order) (approving district court's finding that the settlement was fair, in part because the district court had relied on "a detailed damages analysis by class counsel's retained expert"). Second, although appellants argued baldly that a Delaware state law claim that some class members could assert is separately worth $50 million, they offer no grounds to conclude that this particular claim—which was filed by one of the appellants—had a likelihood of success; nor do they provide any reason to doubt the district court's finding that "the litigation risks were taken into account by plaintiffs' counsel." Joint App'x at 3154. Third, not only is it uncontroverted that the overall settlement amount was within the average range for these types of cases, but appellants concede that even if we accept their hypothetical version of success (including the value of the Securities Act and Delaware state law claims, which they claim would raise the possible recovery to $195 million) the settlement here would still be in the average range for similar cases. Finally, the difference between the maximum potentially recoverable damages utilized by the district court of $106 million and appellants' purported $195 million maximum recovery amount

does not materially impact the reasonableness analysis when this bankrupt company had only a maximum of $30 million remaining in its insurance policy funds (which, as the district court noted, might have been as low as $16 million).

In short, having reviewed the record and the relevant case law, we find no abuse of discretion in the district court's decision to approve the class settlement.

## II.     Adequacy of the Class Representation

In a related challenge, appellants assert that plaintiffs-appellees were not properly appointed to serve as lead plaintiffs because, although all class members had claims under the Exchange Act, only some of the class members also held Securities Act and Delaware state law claims. Thus, appellants contend that lead plaintiffs were not adequate class representatives, and sub-classing was required by Rule 23 of the Federal Rules of Civil Procedure.

The party seeking to certify a class bears the burden of satisfying Rule 23(a)'s four threshold requirements: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a). In considering Rule 23(a)(4)'s adequacy requirement, the primary factors are whether the class representatives have any "interests antagonistic to the interests of other class members" and whether the representatives "have an interest in vigorously pursuing the claims of the class." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006); *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) ("The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent."). In addressing these questions, the "terms of the settlement" and "the structure of the negotiations" are relevant factors, but the focus must steadfastly remain on whether "the interests of those within the single class are . . . aligned." *Amchem*, 521 U.S. at 626–27; *see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 106–07 (2d Cir. 2005). However, even if a conflict

6

is revealed, it does not "necessarily defeat class certification—the conflict must be 'fundamental.'" *Denney*, 443 F.3d at 268 (quoting *In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 145 (2d Cir. 2001)).

Here, there was no fundamental conflict among the class members such that sub-classing was required. All of the lead plaintiffs and every shareholder had an Exchange Act claim— therefore, lead plaintiffs were sufficiently motivated to recover as much as possible for each class member. Moreover, appellants provide no sufficient reason to find that lead plaintiffs were antagonistic to any of the class members. In fact, two of the three lead plaintiffs qualified to assert both Exchange Act and Delaware state law claims. Thus, these lead plaintiffs' interests were aligned with the interests of the Delaware claimholders, and they "ha[d] an interest in vigorously pursuing" such claims. *Id.*; *Wal-Mart Stores*, 396 F.3d at 113 ("[D]ue process does not require that all class claims be pursued. Instead, where different claims within a class involve the identical factual predicate, adequate representation of a particular claim is determined by the alignment of interests of class members, not proof of vigorous pursuit of that claim."). Furthermore, although lead plaintiffs did not have Securities Act claims, those claims were not antagonistic to the Exchange Act claims. *See, e.g.*, *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 37 (2d Cir. 2009) (affirming district court's holding that no sub-classing was necessary because the Securities Act and Exchange Act claims were not antagonistic to each other); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 245 F.R.D. 147, 160 & n.14 (S.D.N.Y. 2007) ("[T]he [Exchange Act and Securities Act] claims are not antagonistic to each other because proof of one does not negate an essential element of the other."), *vacated on other grounds*, 574 F.3d 29 (2d Cir. 2009).

In sum, appellants have provided no basis to conclude that lead plaintiffs had interests that were antagonistic to the interests of any class members. Accordingly, the district court did not abuse its discretion by finding that lead plaintiffs were adequate class representatives.

### III. Class Settlement Notice

Finally, appellants assert that the class notice was insufficient. In particular, appellants argue that the class notice was deficient because it failed to include an estimate of the potential recovery at trial. Under the Private Securities Litigation Reform Act ("PSLRA"), the class notice must include a statement of "the average amount of damages per share that would be recoverable if the plaintiff prevailed" *or*, if the parties do not agree on this average amount, "a statement from each settling party concerning the issue or issues on which the parties disagree." 15 U.S.C. § 78u-4(a)(7)(B).

Here, as authorized by the statute, the notice states that the parties "do not agree on the average amount of damages per share that would be recoverable if Plaintiffs were to prevail in the Action" and that, "[a]mong other things, Defendants do not agree that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their alleged conduct." Joint App'x at 2172. The notice thus complies with the PSLRA.[1] *See, e.g.*, *In re Bank of Am. Corp. Sec., Deriv., & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 772 F.3d 125, 133–34 (2d Cir. 2014) ("When parties state that they do not agree as to the average amount of damages per share, [the PSLRA] requires only that the parties provide a statement

---

[1] In the notice here, the description of the issues on which the parties disagree is sparse compared to similar statements in prior settlements we have approved. Because appellants did not argue that the PSLRA requires parties to provide in the notice all of the issues relevant to damages on which the parties disagree, we have no occasion to decide this question and it remains open.

8

'concerning the issue or issues on which the parties disagree.'" (quoting 15 U.S.C. § 78u-4(a)(7)(B)(ii))). As appellants concede, "[t]his Court has previously upheld as adequate class notices containing similar language to the notice approved by the District Court in this case." Appellants' Br. at 53; *see also In re Bank of Am. Corp.*, 772 F.3d at 134.

In short, appellants have failed to point to any manner in which the notice violated the PSLRA, Rule 23, or due process. Accordingly, we conclude that the district court did not abuse its discretion in approving the notice.

*                *                *

We have considered appellants' remaining arguments and conclude they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court